[No. 14379.   Department Two. —December 14, 1891.]

IN THE MATTER OF THE ESTATE OF ABRAHAM GAL-
LAND, DECEASED.

ESTATES OF DECEDENTS — PRESENTATION OF CLAIM — PLEDGE. — A pledgee is not obliged to present his claim to the executor of the pledgor, unless he seeks recourse against other property of the estate.

ID. — COLLECTION OF INSURANCE POLICY PLEDGED BY DECEDENT — RETENTION OF DEBT BY CREDITOR — ACCOUNTS OF EXECUTOR. — Where a decedent, during his lifetime, assigned a policy of insurance upon his life as security for a debt, the assignee being authorized by the assignment to recover and collect the money from the company, and the assignee, after the death of the insured, collected the full amount of the insurance, paying it over to the executor, with the exception of the amount due himself, which he retained, it is error for the court to refuse to allow the amount so retained upon settlement of the executor's accounts because of its not having been presented as a claim against the estate.

ID. — FUNERAL EXPENSES OF DECEDENT — PAYMENT OF SUMS ALLOWED — LIMITATION IN WILL. — Where an executor paid out various sums as funeral expenses before knowledge of any limitation in the will, and the items of expense were duly presented by the several persons claiming them, and were approved and allowed by the executor and by the probate judge, and there is nothing to show that the items were not reasonable and proper, it is error for the court to refuse to allow the whole amount paid upon the settlement of the executor's account upon the ground that the will of the decedent provided that the funeral expenses should not exceed a less sum.

ID. — BURIAL OF DECEDENT — DUTY OF EXECUTOR. — It is the duty of an executor to give a decedent decent burial, and he cannot be absolutely limited in the performance of such duty by the provisions of a will.

APPEAL from an order of the Superior Court of the city and county of San Francisco settling an executor's annual account.

The facts are stated in the opinion of the court.

*I. B. L. Brandt*, for Appellant.

*J. H. Henderson*, for Respondent.

McFARLAND, J. — This is an appeal by the executor from an order settling his first annual account.

1. The decedent, during his lifetime, being indebted to one Badt in the sum of $290 for money loaned, duly executed, acknowledged, and delivered to said Badt a bill of sale and assignment of a certain life insurance policy for $3,000, issued to decedent by the Germania Life Insurance Company. By this assignment, Badt was authorized to recover and collect the money from the company; and in compliance with the requirements of said company, Badt immediately presented to and left with said company the said assignment. Afterwards, upon the death of the decedent, Badt collected the full amount of the said policy from said insurance company, and paid it over to the executor, with the exception of said sum of $290, which he retained. (He also retained the amount of an attorney's fee, which is not now under consideration.) The court below refused to allow it, upon the ground that Badt had not presented the same as a claim against the estate. In thus ruling, the court below erred. A pledgee is not obliged to present his claim to the executor of the pledgor, unless he seeks recourse against other property of the estate. (*Estate of Kibbe*, 57 Cal. 407.) Moreover, as it amply appears beyond all question that Badt's debt was "justly due," it ought to have been allowed the executor, under section 1632 of the Code of Civil Procedure.

2. The executor paid out various sums for funeral expenses, amounting in all to $202.75. The items of this amount were duly presented by the several persons

claiming them, and were approved and allowed by the executor and probate judge.   There is no finding, and no ground for contending that the items of this account were not reasonable and proper charges, or that the executor did not pay them in good faith; but the court refused to allow $102.75 of the amount, and allowed the executor only $100 thereof, upon the ground that the will of the decedent provided that the funeral expenses should not exceed $100.   It is found "that said last will and testament was not received by the said executor until some time after the funeral of said deceased"; and it is also found " that during the lifetime of said deceased, he gave to said executor the sum of one hundred dollars to be used by him to defray the funeral expenses of said deceased."   Under these circumstances, we think that the executor should have been credited with the full amount of these payments.   The claims thus paid, having been duly approved and allowed, were *prima facie* valid debts against the estate; and although they could be afterwards contested by the heirs, the burden was upon the latter to show their invalidity.   The expenses were necessarily incurred immediately after the death of the decedent, and, as it appears, before the executor knew the provision of the will on the subject.   It does not appear, that when the decedent gave the executor the one hundred dollars, he then limited the funeral expenses to that amount.   Moreover, it is the duty of an executor to give a decedent decent burial, and he cannot be absolutely limited in the performance of such duty by the provisions of a will.   (*Bell* v. *Briggs*, 63 N. H. 592.)   If the items of the funeral expenses here involved had been rejected on the ground that they were extravagant or exorbitant, a different question would be presented.   But they were rejected solely on the ground of a violation of the will.

We see no other errors.

It is ordered that the order appealed from be modified so as to allow the executor the additional amount of $290 retained by said Badt, and also the additional sum of

$102.75 for payment of funeral expenses, and that in all other respects the said order stand affirmed.

The superior court is directed to modify said order as herein stated.

De Haven, J., and Sharpstein, J., concurred.