[Sac. No. 588.   Department Two.—March 24, 1900.]

THOMAS McAULAY, Respondent, v. JOHN F. MOODY, Appellant.

PLEDGE OF STOCK OF CORPORATION—SALE OF PLEDGEE UPON NOTICE—UN-COLLECTED DIVIDEND—CONVERSION—IMPROPER ACTION.—An action will not lie in favor of a pledgor for the conversion of the stock of a corporation pledged to secure his note, by reason of a sale thereof by the pledgee after due notice to the pledgor, where the only pretense of previous payment of the note is that the corporation declared a dividend sufficient to pay it, if such dividend was never in fact collected by or paid to the pledgee.

ID.—OWNERSHIP OF DIVIDEND—PLEDGEE'S RIGHT TO COLLECT—EFFECT OF FAILURE.—A dividend declared upon pledged stock is the property of the pledgor, the same as the stock, but the pledgee has the right to collect it if he can and apply it upon the secured note; yet his failure to collect it does not cast upon him the duty of crediting it upon the note.

ID.—DISPUTED OFFSET—LITIGATION BY PLEDGOR—RIGHTS OF PLEDGEE—SALE OF STOCK.—Where the corporation claimed an offset against the dividend of alleged indebtedness of the pledgor to the corporation, and offered to pay the residue, which the pledgor refused to accept, disputing the validity of the offset, and commenced an action to compel the payment of the entire dividend to the pledgee, the pledgee is not bound to await the result of the litigation, but may demand payment of the matured note, and may proceed to sell the stock for nonpayment of the indebtedness, upon due notice to the pledgor of the time and place of sale.

Id.—Action for Conversion—General and Special Verdict—Decision
upon Appeal.—Where the general verdict for the plaintiff in the ac-
tion for the conversion of the pledged stock is unwarranted by the
evidence, and the special verdict is inconsistent with the general
verdict, and entitles the defendant, as matter of law, to judg-
ment, the judgment and order denying a new trial in favor of
the plaintiff will be reversed upon appeal, and the court below
directed to enter judgment upon the special findings of the
jury in favor of the defendant.

APPEAL from a judgment of the Superior Court of Nevada
County and from an order denying a new trial.  F. T. Nilon,
Judge.

The facts are stated in the opinion of the court.

Thomas S. Ford, and Platt & Bayne, for Appellant.

The note was not paid.  Even if a pledgee, by neglect, may be-
come liable for the value of lost collaterals, his negligence can-
not constitute payment of the debt secured.  (*Cooper v. Simpson,*
41 Minn. 46; 16 Am. St. Rep. 667; *Butterworth v. Kennedy,* 5
Bosw. 143; *Napier v. Central Ga. Bank,* 68 Ga. 637; *Stover v.
Flack,* 41 Barb. 162.)  The defendant had the right to the stock
until the note was paid.  (*Cross v. Eureka etc. Co.,* 73 Cal. 302; 2
Am. St. Rep. 808.)  Defendant had the right to sell the stock for
nonpayment of the debt.  The special findings entitled the
defendant to judgment, and must control the general verdict.
(Code Civ. Proc., sec. 625; *Leese v. Clark,* 20 Cal. 387; *Aguirre
v. Alexander,* 58 Cal. 29; *Vaughn v. California Cent. Ry.,* 83
Cal. 18; *Warder v. Enslen,* 73 Cal. 291; *Hidden v. Jordan,* 28
Cal. 301; *Geer v. Sibley,* 83 Cal. 1; *People v. Reed,* 81 Cal. 76; 15
Am. St. Rep. 22; *Overacre v. Blake,* 82 Cal. 83; *Flemming v.
Western Pac. Ry. Co.,* 49 Cal. 253; *Haas v. Whittier,* 97 Cal.
418.)

J. M. Walling, for Respondent.

Dividends belong to the pledgee of stock.  (Civ. Code, sec.
2989; 2 Thompson on Corporations, sec. 2181; *Goodwin v.Hardy,*
57 Me. 143; 99 Am. Dec. 761, 762, note; *Hopper v. Sage,* 112
N. Y. 530; 8 Am. St. Rep. 771; *Guarantee Co. v. East Rome etc.
Co.,* 96. Ga. 511; 51 Am. St. Rep. 150; *Second Nat. Bank v.*

*Sproat*, 55 Minn. 14.)   The corporation cannot set off debts accrued subsequent to the transfer of stock.   (*Gemmell v. Davis*, 75 Md. 546; 32 Am. St. Rep. 412; *Fairbank v. Merchants' Nat. Bank*, 132 Ill. 120.)

THE COURT.—Plaintiff recovered judgment in the court below, and this appeal is by defendant from the judgment and from an order denying his motion for a new trial.   The complaint alleges that on the twenty-sixth day of December, 1893, the plaintiff was the owner of two hundred shares of the capital stock of the "Tahoe Ice Company," a corporation, and that on said date he borrowed eight hundred and twenty-five dollars in gold coin of the defendant, giving his promissory note therefor payable six months after date and bearing interest from date at the rate of ten per cent per annum.   That plaintiff delivered to defendant the said corporate stock as security for the payment of the said note and interest.

The complaint, without alleging that the said promissory note was ever paid, alleges that on the seventh day of September, 1896, the corporation declared a dividend on its capital stock of five dollars per share, and "that the amount of such dividend applicable to the said stock of plaintiff was the sum of one thousand dollars."   That on or about said last-named date plaintiff demanded of defendant that he apply such dividend to the amount due on said promissory note, and that defendant refused and has ever since refused to do so.   That on March 30, 1897, the plaintiff paid defendant fifty-one dollars and fifteen cents on account of said note, and then demanded of defendant the return of the said stock, and the defendant refused to return the same, but on July 19, 1898, sold and converted it to his own use.   Damages are asked for the value of the said stock at the date of its alleged conversion.   The answer of defendant admitted practically all the allegations of the complaint except the allegation as to a dividend amounting to one thousand dollars which was applicable to the stock of plaintiff.

The answer specifically denied that said dividend was applicable to the payment of said note or that it ever was applied to the payment of the same, and alleged that the fifty-one dollars and fifteen cents was all that was ever paid by plaintiff upon

the said note.  The answer further alleged that on the eighth
day of July, 1897, defendant demanded of plaintiff the payment
of the said note and interest, less the fifty-one dollars and fif-
teen cents, that plaintiff redeem the said stock, and that unless
said note was so paid and said stock redeemed the defendant
would sell the same at public auction on the nineteenth day of
July, 1897.  That the said note was not paid, and on said last-
named date the said stock was sold at public sale, after proper
notice to defendant, for one thousand and twenty-nine dollars
and thirty-five cents, he being the highest bidder, and the sum
bid being the amount then due on the said promissory note, to-
gether with costs of sale.  The answer contained other de-
fenses and matters not material here.  It alleged that the defend-
ant was still the owner of the said stock and in the possession
of the same, and asked that in case the court should adjudge
that the note had been paid, or that the said sale was illegal,
that the defendant be permitted to return the said stock to
plaintiff.  It will thus be seen that the *controlling question* in
the case was as to whether or not the note was paid by the divi-
dend of one thousand dollars, declared by the corporation Sep-
tember 7, 1896.

All other questions as to the payment of the fifty-one dollars
and fifteen cents, the demand and notice, the regularity of the
sale, and that defendant became the purchaser, are either
proven without conflict or conceded.  The case was tried be-
fore a jury and special issues submitted to it, and the following
are the questions and answers so submitted:

"We, the jury, find the following special verdict:

"First Question.  Did the Tahoe Ice Company claim that at
the time of the dividend of September 7, 1896, the plaintiff was
indebted to it in the sum of three hundred and fifty-seven dol-
lars?  And that six hundred and forty-three dollars, or there-
abouts, was the balance then due to him?

"Answer.  Yes.

"Second Question.  Did the secretary of the Tahoe Ice Com-
pany, a corporation, draw an order on the treasurer for said
six hundred and forty-three dollars, intended to be in payment
of the said dividend?

"Answer.  Yes.

"Third Question.   Did the plaintiff refuse to accept the said order, or any order or money, in payment of the said dividend, except an order for one thousand dollars, or the money in full?

"Answer.   Yes.

"Fourth Question.   Did the plaintiff Thomas McAulay, then commence an action in September, 1896, in this court and prosecute the same for a writ of mandate to compel the secretary and treasurer of the Tahoe Ice Company, corporation, to draw a warrant for and pay to McAulay one thousand dollars for the said dividend?

"Answer.   Yes.

"Fifth Question.   Was it the by-law of the corporation to pay dividends by an order or warrant of the secretary on the treasurer for the amount due each stockholder?.

"Answer.   Yes.

"Sixth Question.   Did the secretary or any officer of the corporation ever draw an order or warrant for the one thousand dollars dividend claimed by the plaintiff?

"Answer.   No.

"Seventh Question.   Did the plaintiff demand of the defendant that he apply the dividend of September 7, 1895, to his own use in payment of the note?

"Answer.   Yes.

"Eighth Question.   Did the defendant in July, 1897, demand the redemption of said stock, and the payment of the unpaid principal and interest due on said note, and, in default of the payment, did he sell the stock, after notice, at public auction, to the highest bidder?

"Answer.   Yes.

"Ninth Question.   Did the defendant or his agent offer to return said note after the sale, and did the plaintiff refuse to accept the same?

"Answer.   Yes.

"Tenth Question.   Was the plaintiff damaged twenty thousand dollars, or any other amount, by the sale of the stock?   If he was so damaged, name the amount.

"Answer.   Yes.   Ten thousand dollars ($10,000.00).

"Eleventh Question.   Did the plaintiff, on or about March 3, 1897, commence an action in this court against the Tahoe Ice

Company, corporation, to recover judgment for one thousand dollars (among other things) for the amount of said dividend?

"Answer. Yes.

"Twelfth Question. When the stock was pledged was it agreed that McAulay should have the dividends?

"Answer. No.                    W. S. McPHERREN,

"Foreman."

The jury also returned a general verdict for the plaintiff, fixing his damages at ten thousand dollars. It is claimed that the general verdict is not supported by the evidence, and after a careful examination of the record we find no evidence to support it.

The plaintiff in this case, according to the allegations of his complaint, had parted with the possession of the stock to defendant by contract, under the terms of which defendant was to have the possession of the stock until the note and interest was paid. Conceding that the complaint alleges that the note was paid by the dividend, the proof entirely fails to show that defendant ever received or ever could have received the one thousand dollars dividend, or any part of it. The evidence of the plaintiff is relied upon in support of the verdict. The plaintiff does not in any part of his testimony even pretend that defendant ever collected the dividend, or that it was ever paid to him. On the contrary, plaintiff testified that defendant failed and refused to collect the dividend. That plaintiff went to defendant, who was treasurer of the corporation, and was informed that the corporation claimed an offset of three hundred and fifty-seven dollars, and that the secretary of the corporation had drawn a warrant for plaintiff for the one thousand dollars, less three hundred and fifty-seven dollars, to wit, for six hundred and forty-three dollars. That he (plaintiff) refused to accept the six hundred and forty-three dollars and sign a receipt for one thousand dollars, and returned the warrant. That he served a written notice on defendant as treasurer of the corporation demanding that the corporation give plaintiff a warrant for the full amount of the dividend, one thousand dollars. That defendant held the stock as a pledge at the time it was sold, July 19, 1897. Plaintiff further testified that he brought suit against the corporation to compel the payment of

the dividend. It thus appears that the dividend was never paid to nor collected by defendant. After it was declared it was the property of the plaintiff the same as was the stock. Defendant, as pledgee of the stock, had the right to it and to collect it if he could do so, but his failure to collect it did not cast upon him the duty of crediting it upon the note. (*Savings Bank v. Middlekauff*, 113 Cal. 463.)

The defendant certainly was not required to await the result of litigation between the plaintiff and the corporation as to the amount plaintiff was entitled to upon the dividend. All the defendant was required to do was done. He has not in any way appropriated the dividend. It is now the property of the plaintiff as between himself and defendant. Defendant served a written notice upon plaintiff, calling upon him to pay his note on July 8, 1897, and further notifying him that if his note was not paid that on the nineteenth day of July, 1897, at 10 o'clock A. M., in front of the postoffice in the town of Truckee, in Nevada county, the stock would be sold, or so much as might be necessary to pay the note and interest. Plaintiff did not pay the note and the stock was accordingly sold. The defendant had the right to sell it. (Civ. Code, secs. 3000-2.)

Defendant contends that the special findings contained in the special verdict of the jury are inconsistent with the general verdict, and that the general verdict must be disregarded and that defendant is entitled to judgment in his favor on the special findings. We think, after a careful analysis of the findings, that the defendant's contention is correct. (Code Civ. Proc., sec. 625; *Leese v. Clark*, 20 Cal. 426; *Aguirre v. Alexander*, 58 Cal. 29; *Cox v. Delmas*, 99 Cal. 124; *Haas v. Whittier*, 97 Cal. 420.)

It has before been made apparent that if the note given to the defendant had not been paid when the stock was sold, the judgment could not legally have been for plaintiff. If the special findings show that it was not paid, the judgment should be for defendant. The note is claimed to have been paid by virtue of a certain one thousand dollar dividend referred to in the pleadings, the evidence, and the special findings. The special findings show that the corporation claimed at the time the dividend was declared that the plaintiff was indebted to it in the sum of three hundred and fifty-seven dollars. That its

secretary drew an order on the treasurer for a balance of six hundred and forty-three dollars in payment of said dividend, and plaintiff refused to accept it. That plaintiff in September, 1896, commenced an action against said corporation to compel it to draw a warrant in payment of said dividend. That no order or warrant has ever been drawn for the said one thousand dollar dividend so claimed by plaintiff. That in July, 1897, the defendant, after demanding payment of the unpaid principal and interest due on said note and in default of payment, sold the stock, after notice, at public auction to the highest bidder. The special findings entitled the defendant to judgment.

The judgment and order are reversed, and the court below directed to enter judgment upon the special findings in favor of defendant and against plaintiff.

Hearing in Bank denied.