## PLYLER v. PACIFIC PORTLAND CEMENT COMPANY.*

### Court of Appeal, Third District; July 16, 1906.

87 Pac. 395.

**Trial—Special Issues—Discretion of Court.**—Under Code of Civil Procedure, section 625, as amended by act of March 6, 1905 (Stats. 1905, p. 56, c. 62), requiring that the court, on request in writing, must direct the jury to find a special verdict on all or any of the issues, the court must submit the special issues formulated in writing by either party only when they are within the issues, and where, in an action for injuries, the plaintiff alleged that his fall from an elevated walk was caused by smoke and the absence of guards, special issues, limiting, respectively, the cause of the injury to the absence of the guards and to the smoke and not referring to the combination of the two dangers, were properly refused.[1]

**Trial.—Where Special Issues were Requested as a Whole and** some submitted issues not in the case, the court was not bound, without a special request, to direct the jury to find on any of them.

APPEAL from Superior Court, Solano County; L. G. Harrier, Judge.

Action by James Plyler against the Pacific Portland Cement Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Paul C. Harlan and C. H. Wilson for appellant; Frank R. Devlin for respondent.

BUCKLES, J.—This is an action for personal injuries suffered by plaintiff while in defendant's employ. The case was tried with a jury, and a verdict rendered for plaintiff for the sum of $2,500. Judgment was rendered accordingly, and the appeal is from the judgment.

The appellant states at the beginning of his closing brief that "the only question presented on this appeal is: Does

---

*Opinion vacated and rehearing granted by supreme court September 13, 1906. For opinion in supreme court, see 152 Cal. 125, 92 Pac. 56.

1 Cited and followed in Miller v. Fireman's Fund Ins. Co., 6 Cal. App. 401, 92 Pac. 334, where the defendant complained that the court did not submit special issues to the jury in the language proposed by him, contending that, under section 625 of the Code of Civil Procedure, the court had no discretion in the matter. It was held that the position involved an absurdity.

section 625 of the Code of Civil Procedure, as amended March 6, 1905 (Stats. 1905, p. 56, c. 62), and which requires a jury to give proper reasons for its verdict, impose a mandatory duty upon the trial judge to submit issues and questions of fact to the jury, whenever requested to do so by either party?'' There are other errors alleged as having taken place at the trial, but as appellant relies only on the one that is the refusal of the court to direct the jury to find on certain special issues, we will consider no other.

The defendant owns and operates a large plant in Solano county for the manufacture of cement, and the plaintiff was a laborer employed in the buildings and about the said plant. On June 22, 1904, plaintiff was directed, as a part of his duty, to go to a certain elevated platform in the upper part of one of the buildings to perform certain work, the character of which he did not know until his arrival at said platform. ''The only means of ascending to, and descending from, said platform was to pass over and across a plank walk about fifteen feet long and three feet wide, and extending and suspended over a cement floor nineteen feet below said walk, thence up a ladder standing perpendicularly, about ten feet long, to said platform; that said walk had no rails, guard, or protection of any kind on either side thereof.'' The complaint then alleges the unsafeness of said platform, walk, and means of ascending and descending, etc., and then continues: ''And immediately after plaintiff had arrived at said platform, and before being informed of the exact character of the work he was to perform, and while plaintiff was in the exercise of all due care and skill, and without any negligence on his part, defendant carelessly and negligently caused and suffered a great quantity of dense smoke to arise and envelop the space in and about said plank walk and said ladder and platform and the space in and about which plaintiff was standing, the said smoke rendering said space . . . . dark and impenetrable to sight, and making it impossible for plaintiff to see, and causing partial suffocation of plaintiff and rendering it dangerous to his life to remain on said platform; that plaintiff, by reason of said darkness and danger occasioned by said smoke, endeavored to descend from said platform, and did descend said ladder and was in the act of stepping on said plank walk to escape said danger from said smoke,

when, by reason of said darkness and partial suffocation . . . . and by reason of the absence of rails, guards, or other protection on said walk, plaintiff fell . . . . to the said cement floor beneath said walk, a distance of nineteen feet,'' and received the injury, to recover for which this suit was brought.

Before the defendant offered any evidence, he handed to the judge of the court the following: ''The court is hereby respectfully requested to direct the jury to find a special verdict in writing upon the following issues in this case, to wit: First. Was the accident and injury complained of caused by the failure of defendant to provide rails or guards on the plank walk described in the pleadings and evidence? Second. Was the accident and injury complained of caused by a great volume and quantity of dense smoke arising and enveloping the space in and about the plank walk and ladder described in the pleadings and evidence? Third, if you answer the last interrogatory in the affirmative, was the smoke alone of such a character as to threaten plaintiff with great bodily injury, or justify him in really believing that he was threatened with such great bodily injury as to require prompt action on his part to escape such injury? Fourth. Did plaintiff see, and know, when he first went upon the plank walk described in the pleadings and evidence, that there were no rails or guards on said plank walk?'' The record shows that, before making the request of the judge, the defendant did not show said special findings to the attorney for plaintiff, Mr. Devlin; that five minutes before the argument of the case to the jury, the judge did show Mr. Devlin these special issues, and he thereupon objected to them being presented to the jury because of their uncertainty and ambiguity, and because contradictory in form, and further because the jury could not render a verdict on the general issues and find on the special issues offered. Mr. Wilson, counsel for defendant, then rose and stated: ''We take exception to the action of the court in submitting to counsel the special issues presented to the court on behalf of defendant, and we assert that, under the law, it is the duty of the court to submit to the jury all special issues that may be presented, and we also object to the action of counsel in presenting before the jury any objections to the special interrogatories that have been pre-

sented to the court." The cause was then argued and the court instructed the jury, but refused to direct the jury to find special verdicts as requested by defendant.

Defendant made the request for these special findings under the provisions of section 625 of the Code of Civil Procedure, as amended in 1905. Prior to said amendment, the court might, or might not, direct the jury to find special verdicts, for the words "may direct" were used. By the amendment of 1905 the word "may" was changed to "must," and reads: "In all cases the court must, upon the request in writing of any of the parties, direct the jury to find a special verdict in writing upon all or any of the issues." It is contended by appellant that, as amended, the court has no discretion, but must direct the jury to find specially. The court is not bound to prepare such special issues, but "when requested in writing" must be taken to mean interrogatories prepared and set forth in such writing. But even then, I apprehend the other side would have a right to offer amendments to such special interrogatories or special issues, and it would be the duty of the court then to settle the same and make them conform in an intelligent way to the real issues in the case. Unless the questions the party desires the jury to answer as special verdict are questions and issues pertinent to the real issue in the case, he has no right to have the jury directed to answer them, and, as in all other questions submitted to the jury, it becomes the duty of the court to first determine whether it is pertinent to the issue the jury is called to try. Were it otherwise, and had the legislature intended to have taken away all discretion of the court of saying whether matters parties may ask to have submitted to the jury are legitimate and pertinent, then a defendant in a damage suit with no legitimate defense could have such matters submitted to the jury as would so befog the minds of the jurors as to make it impossible to have a verdict that would stand. The legislature never intended to take away such discretion. Under the section as it now stands, the court must submit the special issues formulated in writing by either party when the same are within the issues and subservient of the general issue in the case.

Now, as to the special issues asked in this case. The complaint alleges that the fall which caused the plaintiff's injury

was caused by said smoke and by reason of the absence of rails, guards or other protection on said walk. The injury was caused by both the smoke and the fact that there were no guards on the walk. Just how much each contributed to the fall is beyond the power of man to tell. In the first place, having such a walk nineteen feet above the ground is an element of danger, but probably when the vision is in no wise blinded one might not fall. The smoke was only dangerous simply causing partial suffocation, but when it darkened the vision, the fact that defendant was standing on a plank walk nineteen feet high and only three feet wide, and with no guards and no protection from the danger of falling, it, in conjunction with the smoke and the smoke in conjunction with the said walk, made the danger so great that the plaintiff was precipitated to the floor and seriously injured.

The first question the jury was called upon to answer as a special verdict would seem to limit the cause of the injury to but one thing—that of the absence of guards on the plank walk, while, in fact, that was but a contributory cause. The same may be said of the second special issue. The case was brought, and the trial was had, upon the theory that both these things combined to cause the injury, and not either the one or the other solely. If to the first special verdict the jury should answer "Yes," the effect would be to say the smoke was no factor in causing the injury. Should the jury answer the first with "No," and the second with "Yes," the result would be to eliminate the condition of the plank walk entirely. Special finding No. 3, being based upon the answer the jury might give to No. 2, which is not responsible to any issue, becomes immaterial. Special verdict No. 4 is responsive to an issue made by the pleadings. But, as these special issues were asked as a whole and not all being issues in the case, the court was not bound to direct the jury to find on any of them, without being specially requested so to do. The special issues could have been easily framed so that they would have correctly stated the issues and not been misleading or confusing had the plaintiff been given an opportunity to offer amendments thereto.

We think the refusal of the court to direct the jury as requested was within its power and the power was properly exercised. Therefore, in answer to the issue before us, we

are of the opinion the requirements of section 625 of the Code of Civil Procedure, commanding the court to submit special issues to the jury are mandatory, and such special issues, when embodying the real issues in the case and not subject to other legal objections, must be submitted to the jury. But the court must pass upon their pertinency, their materiality and legality, as it is the court's duty to pass upon all other matters submitted to the jury. If such issues are in every way proper, the court has no discretion to refuse them.

The judgment is affirmed.

McLAUGHLIN, J.—I concur in the order affirming the judgment. There can be no doubt that section 625 of the Code of Civil Procedure as amended in 1905 makes it the absolute duty of the court to direct the jury "to find a special verdict in writing upon all or any of the issues," and to instruct them, "if they render a general verdict, to find upon particular questions of fact," whenever a written request for such direction or instruction is made. But this is far from saying that the court in the case at bar was bound to direct the jury to fix upon some particular fact as the sole cause of the injury, or to find upon each evidentiary fact addressed to any of the several issues or questions of fact raised by the pleadings. The general issue, which might have been answered by a general verdict, involved the liability of defendant and the extent of such liability. And the several issues or particular questions of fact involved in this main inquiry, concerning which the court was bound to direct the jury to find specially, must be gleaned from an analysis of the pleadings, and not from a survey of the numerous incidental questions arising from conflicting evidence touching some auxiliary fact. Eliminating questions of law which are not properly a matter of pleading, the issues or questions of fact raised by the pleadings are: (1) Was the platform an unsafe, unsuitable or dangerous place for plaintiff to work? (2) Should the defendant, in the exercise of ordinary care, have known that it was an unsafe and dangerous place for an employee to work? (3) Was the means of ascending or descending from said platform unsafe and dangerous, and should defendant, in the exercise of ordinary care, have known of its dangerous and unsafe character? (4) Did the defendant, immediately after

plaintiff went upon the platform, cause or suffer a dense volume of smoke to envelop the same, rendering the space in and about the plaintiff and the platform dark and impenetrable to sight? (5) Did plaintiff, by reason of such darkness, in endeavoring to escape from impending danger of suffocation through the absence of guard-rails on said platform, fall and receive the injuries complained of? (6) Was the plaintiff damaged thereby in the sum of $10,000 or any other sum? (7) Were these injuries caused in whole or in part by the negligence of plaintiff himself? (8) Did the injuries suffered by plaintiff grow out of the risks assumed by plaintiff in his contract of employment? Wherever these questions include two or more propositions of fact they might properly be subdivided, and each question be made to include only one averment of fact disputed in the answer. Aside from such subdivision, however, the eight questions above enumerated include all of the questions of fact or issues which it was the duty of the court to consider in determining the propriety of directions or instructions requested.

Instead of submitting a request for a special verdict or finding on any one or all of these issues or particular questions of fact, the defendant submitted requests which it was no part of the duty of the court to grant. The requests numbered 1 and 2 are palpable attempts to compel the jury to fix upon one particular fact as the cause of the plaintiff's injuries, and are confusing and misleading. The complaint clearly and specifically charges that the accident was due to a combination of both causes, and the court was not bound to split an issue which the parties had made single, and which could not be divided without danger of confusion leading to incongruous and untoward results. For instance, the jury might answer both of these questions in the negative and still find that the injuries were caused by defendant's negligence in causing a smoke to envelop a platform, safe under ordinary conditions, but dangerous under the circumstances narrated in the complaint. The third request is based on an affirmative answer to the second, and as the latter was improper, the request was properly refused. The fourth request is an attempt to compel the jury to find on an auxiliary evidentiary fact pertinent to one of the several issues or questions of fact, and was, for that reason, im-

proper. Every law must receive a reasonable construction, and it certainly was never intended by the framers of this law that either party could by simple request compel a jury, through a direction of the court, to answer each collateral fact going to make up a single issue, or give a finding touching each disputed item of evidence. Such a practice would lead to intolerable confusion, not only in the minds of jurors, but in the trial of causes. The request must come within, and be confined to, the issues or questions of fact presented by the pleadings, and cannot be made to include a separate finding on every minor detail of an issue, and on every one of a series of facts going to establish or controvert averments from which these issues arise.

I concur: Chipman, P. J.

### On Rehearing.

BUCKLES, J.—This is a petition for rehearing. We see no reason for granting it, and it is therefore denied.

I concur: McLaughlin, J.

CHIPMAN, P. J.—I concur in the order denying a rehearing. Upon a comparison of section 625 of the Code of Civil Procedure, as enacted in 1872, with the section as amended in 1905 (Stats. 1905, p. 56, c. 62), I see no substantial difference except that "upon the request in writing of any of the parties," if a general verdict is rendered, it is made mandatory upon the court to direct the jury "to find upon particular questions of fact"; whereas, the section formerly left it discretionary with the court. I cannot, therefore, see that the amendment has introduced any new practice aside from making it the duty of the court to do what it formerly had the discretion to decline to do. The scope and purpose of the section appear to be unchanged so far as they relate to the "particular questions of fact" upon which the jury must be directed to make written findings. I think it is the right of either party to submit any one single question material to the issue or any of the issues, whether or not he desires to submit other such questions of fact. He is not obliged, in other words, by his proposed questions of fact, to address questions to all the material issues of the case.

Counsel in their petition for rehearing claim that it is their right, under said section 625, "to interrogate the jury as to matters material to the issues, *yet not necessarily covering any of the issues.*" If counsel mean by the phrase italicized that the jury may be interrogated as to facts not related or pertinent to the issues of any of them, I cannot agree with them, and I agree with Justice McLaughlin in what I understand to be his view of the meaning of the section, that it is not the right of a party to submit questions for the jury upon every evidentiary fact, though material to the issue. A wise discretion must be exercised by the trial court in determining to what extent questions of fact pertinent to the issues should, for their elucidation, be submitted to the jury. It is not easy to draw the precise line of demarcation between questions of fact which it would be the duty of the court to submit to the jury, and such as the court may properly refuse to so submit. An examination of the cases will show a somewhat wide latitude allowed under this section: See Los Angeles C. Assn. v. Los Angeles, 103 Cal. 461, 37 Pac. 375; McAulay v. Moody, 128 Cal. 202, 60 Pac. 778.

I agree with counsel for defendant that it is their right to submit questions of fact to the court for the jury without first having submitted them to opposing counsel, and the responsibility is then put upon the court to determine whether or not to place them before the jury. I see no controlling analogy between the practice under this section and the practice as to instructions. The discretion rests with the court either to submit or refuse the questions as requested, for, if it be held that the court may change or modify the questions as propounded, it would cease to be a request of the party asking it, and the statute would be no longer mandatory. This discretion, of course, is subject to review by the appellate court, as is the exercise of discretion generally.

Upon further consideration of the case I agree with my ·associate, Justice Buckles, that the fourth question was responsive to an issue, and was a proper question of fact to be submitted to the jury. It was alleged in the complaint that the absence of rails guarding the walk in question was one of the causes leading to the injury, but the defendant submitted the series of questions and asked that they be

submitted in their entirety, and, when the request as made, was refused, it was the duty of defendant, if it desired any one of the questions to be submitted separately, to so request the court. It would certainly be of advantage to the profession if a comprehensive statement could authoritatively be given as to the complete rights of the parties to an action as matter of practice under this section 625. When such an exposition is made, however, it would be perhaps better that it should come from the supreme court. Here the case does not seem to call for such statement.