[Civ. No. 688.   First Appellate District.—December 17, 1909.]

ERMENEGILDO DI VECCHIO, Respondent, v. GEORGE
H. LUCHSINGER et al., Appellants.

ACTION FOR FRAUD IN PROCURING LEASE—SPECIAL FINDING INCONSISTENT
WITH GENERAL VERDICT.—In action to recover damages for fraud
in procuring a lease of premises by misrepresentation that it was a
tenancy from month to month, at a monthly rental, whereas it was
in truth a tenancy for one year at a monthly rental, a °general
verdict for the plaintiff is inconsistent with a special finding of the
jury that the tenant was not in possession under a lease for one year
at a monthly rental.

ID.—RIGHT OF DEFENDANT TO JUDGMENT UPON SPECIAL VERDICT.—The
finding being in favor of the defendant under the special verdict,
and inconsistent with the general verdict for plaintiff, it controls
the general verdict, and defendant was entitled to judgment upon
the special verdict.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing defendant's motion to vacate the judgment for plain-
tiff, and to direct judgment for defendant. John Hunt,
Judge.

The facts are stated in the opinion of the court.

Alexander D. Keyes, for Appellants.

Edmund Tauszky, for Respondent.

KERRIGAN, J.—This is an action for damages for false
and fraudulent representations made to induce the execution
of a lease. The appeal is from the judgment in favor of
plaintiff, taken more than sixty days after its entry, and from
an order denying defendants' motion to vacate the judgment
and to direct the entry of a judgment in favor of defendants.

On July 27, 1906, the defendants, George H. Luchsinger,
Alvina L. Goodrich, Rose A. Buckingham and their sister
Annie L. Summerhayes, since deceased, leased to the plaintiff
certain premises on Golden Gate avenue in San Francisco,
consisting of three flats, for the term of five years commencing

August 1, 1906, at a monthly rental of $200, payable in advance on the first day of each month. At the date of the execution of the lease each of the flats was in the occupancy of a tenant of the lessors, and the lease provided that until the tenants should vacate the premises the lessors would allow the lessee a rebate of $2.75 per day from the beginning of the lease until the last occupant should vacate, provided, however, that such rebate should not extend beyond November 1, 1906, whether said occupants vacated the premises or not. The lease further provided that the premises were taken subject to the tenancies of the occupants; that in the event said occupants failed to surrender peaceable possession of the premises by September 1, 1906, actions were to be commenced as soon as possible for the purpose of ejecting them, the actions to be in the names of the lessors, but at the expense of the lessees, and they were to be prosecuted with due diligence.

The tenants occupying the lower and middle flats vacated in due time, but one Mrs. Kaiser, who claimed to be a tenant of the upper flat for a year from June 1, 1906, actually remained in possession of it until June 1, 1907.

On October 11, 1906, plaintiff leased the middle and upper flats for the remainder of his five year term at $164 per month, with the understanding that the tenants were not to pay rent for the upper flat until they obtained possession. They had been informed that Mrs. Kaiser was a tenant from month to month. It was further stipulated in the lease that as soon as possession of the upper flat could be had it would be given to them; that in the meantime they could take the middle flat and pay therefor $77 a month. This they did. Between the date of the lease last mentioned and July, 1907, rents depreciated from fifteen to twenty per cent, and when Mrs. Kaiser finally vacated the upper flat the subtenants refused to accept possession under their lease, whereupon a new lease was made to them by the terms of which they were to pay plaintiff $128 per month, instead of $164.

It is alleged in the complaint that at the time of the execution of the lease to plaintiff and prior thereto the lessors represented to him that Mrs. Kaiser was a tenant from month to month at a monthly rental of $42.50, but that in truth and in fact she was a tenant of said premises for the term of one year beginning June 1, 1906, at a monthly rental of $37.50.

In their answer, defendants admitted that they had informed plaintiff that Mrs. Kaiser was a tenant from month to month at a monthly rental of $42.50, but they denied that the statement was false as charged, or that it was known to them or any of them to be false. On the contrary, they alleged that Kaiser was a tenant from month to month at said monthly rental and did not have a lease for a year.

The jury returned a general verdict in favor of plaintiff, assessing the damages at $1,000, for which sum judgment was entered against defendants.

Plaintiff took possession of the premises with knowledge that the three flats were occupied, and if Mrs. Kaiser was not a tenant for one year, but from month to month only, the failure to oust her was the misfortune and loss of plaintiff. The theory upon which the complaint was drawn and upon which plaintiff's case was tried was that Mrs. Kaiser was in possession under a lease for one year from June 1, 1906, and was not a tenant from month to month. In harmony with this theory the court instructed the jury "that the plaintiff cannot recover unless he has proved by a preponderance of evidence that L. Kaiser was a tenant of the premises No. 955 Golden Gate avenue for a term of one year from the first day of June, 1906, to the first day of June, 1907, at a monthly rental." The case was tried prior to the amendment of 1909 to section 625 of the Code of Civil Procedure; and at the request of the defendants the court submitted to the jury, among others, the following question: "Was L. Kaiser on the twenty-seventh day of July, 1906, in possession of the flat No. 955 Golden Gate avenue, in the city and county of San Francisco, under a lease from the defendants for a term of one year from the first day of June, 1906, to the first day of June, 1907, at a monthly rental?" To this interrogatory the jury answered "No."

Defendants contend that the general verdict in favor of the plaintiff and the special verdict are inconsistent, and that the court should have granted the motion to direct the entry of judgment for the defendants. We agree with this contention. It will be observed that the interrogatory just mentioned went only to the duration of Mrs. Kaiser's lease, and did not embrace the question of the amount of the monthly rent, whether it was $37.50 or $42.50. But no evidence was introduced to

sustain this issue, and it is wholly immaterial and so conceded by defendants. The gravamen of the action was whether Mrs. Kaiser was a tenant from month to month only or under a lease for one year. There is no merit in the suggestion of plaintiff that notwithstanding that the jury found specially that Mrs. Kaiser was not a tenant under a lease for a year at a monthly rental, they may have believed she was a tenant for the term mentioned at a *yearly rental,* because it is admitted by the pleadings that she was in possession under a monthly rental. There is no escape from the conclusion that the special findings are inconsistent with the general verdict in favor of the plaintiff, and therefore judgment should have been entered in favor of the defendants. ''Where a special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly.'' (Code Civ. Proc., sec. 625. See, also, *McAuley* v. *Moody,* 128 Cal. 202, [60 Pac. 778].)

This point disposing, as it does, of the case, it will be unnecessary to review the many other points discussed in the briefs.

The judgment is reversed and the court below directed to enter judgment upon the special finding referred to in favor of the defendants and against the plaintiff.

Hall, J., and Cooper, P. J., concurred.