[S. F. No. 7297.   Department One.—November 23, 1917.]

## SAVINGS UNION BANK & TRUST COMPANY (a Corporation), as Executor, etc., Appellant, v. KATHERINE S. CROWLEY, Respondent.

Estates of Deceased Persons—Executors and Administrators—Suit by Executor — Findings in Favor of Defendant Sustained by Evidence.—In an action by an executor against the testator's widow to recover dividends on certain corporate stock, evidence held sufficient to support the finding of the trial court that the stock in question had been pledged by the testator to his wife to secure the payment of his promissory notes to her and that the notes were unpaid.

Appeal—Promissory Note—Presumption of Payment from Lapse of Time.—The presumption of payment of a promissory note arising from lapse of time is of no avail against a finding by the court of nonpayment, based on sufficient evidence.

Pledge—Corporation Stock—Pledgee's Right to Dividends.—A pledge of stock carries with it the right to dividends.

Estates of Deceased Persons—Executors and Administrators—Corporation Stock — Action by Executor to Recover Dividends—Pledgee Substituted as Defendant—Testator's Wife as Pledgee—Nature of Action.—In an action commenced by an executor against a corporation to recover dividends which the corporation had declared on its capital stock, where the amount of the dividends had been brought into court under a stipulation, and the testator's widow, who claimed that the stock had been pledged to her by her husband in his lifetime as security for certain promissory notes made by him to her, was substituted as defendant, the answer of the widow, as substituted defendant, setting up her claim as pledgee did not make the action one by her on the notes; but it was a suit by the executor to recover the pledged dividends without paying the debts secured thereby.

Id.—Pledgee's Rights.—In such a case the pledgee's rights are the same as if she were suing the corporation, and the executor, in

order to recover, must show that the pledgee has no right to collect the dividends from the corporation.

Id.—Statute of Limitations.—In such case the pledgee having lawfully acquired possession of the stock certificates during the existence of the obligation, and being in possession when the action was begun by the executor, her lien remained in full force, and she could not be divested of it without prior satisfaction of the debt, although the statute of limitations had run against the notes.

Id.—Claim Against Estate—Presentation Unnecessary.—In such a case, presentation of a claim against the estate was unnecessary.

Id.—Evidence—Competence of Pledgee to Testify.—In such a case, the right of the pledgee to testify as to a matter occurring before the death of the testator was not barred by section 1880 of the Code of Civil Procedure.

Id.—Husband and Wife — Evidence — Competence of Widow as Pledgee to Testify.—The provision of Code of Civil Procedure, section 1881, subdivision 1, excluding testimony by one spouse of declarations by the other made during marriage has no application to such a case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche, and Wm. H. Chapman, for Appellant.

O'Gara & De Martini, and Bert Schlesinger, for Respondent.

LAWLOR, J.—Plaintiff appeals from the judgment for defendant, and from an order denying a new trial.

Timothy Jay Crowley died January, 1913. At the time of his death he was the owner of 106 shares of the capital stock of the Pleasant Valley Farming Company, represented by certificates numbered 3 and 8. In March and May, 1913, dividends were declared on the Crowley stock amounting to $11,978. In June, 1913, plaintiff commenced this action against the Pleasant Valley Farming Company for the dividends, on behalf of the estate. By stipulation, the Farming Company was released from all liability, upon its deposit of the money in a bank selected by the trial judge, and the de-

fendant, Katherine S. Crowley, widow of the deceased, was substituted and permitted to file her answer setting out her claim to the dividends. Her answer alleged, and the court found it to be the fact, that the deceased was at his death indebted to the defendant in the sum of seven thousand five hundred dollars and interest, evidenced by four promissory notes properly executed and delivered to the defendant, that no part of the principal or interest of the notes had ever been paid, and that these notes were secured by the two certificates of stock above mentioned. It was accordingly held that these certificates in the possession of the defendant constituted a valid pledge of the stock in question and entitled her to collect her debt out of the dividends deposited by the Pleasant Valley Farming Company, the surplus to go to the plaintiff.

Appellant contends that the evidence is insufficient to justify the findings that the deceased ever delivered the certificates of stock to the respondent in pledge or that such certificates were ever pledged to secure the payment of the notes in question, or that respondent retained possession of the certificates in pledge or otherwise, or that the notes themselves had not been fully paid long prior to the declaration of the dividends in suit. Practically the only evidence touching these particulars is the testimony of the respondent, Mrs. Crowley, and the notes and certificates themselves. Mrs. Crowley stated that all four notes, though bearing different dates, were delivered to her by her husband at the same time, in 1907, as evidence of his indebtedness to her, and that together with the notes he delivered to her the two certificates of stock, which he told her would secure the notes. Upon three of the notes was the statement, in the handwriting of Crowley, that they were secured by stock of the Pleasant Valley Farming Company, or the Pleasant Valley Stock Farm. The body and signature of the notes were shown to be in Crowley's handwriting. The certificates bore the blank indorsement of the deceased. Upon the face of the certificates was the provision that they were transferable upon the books of the company by indorsement and delivery. Mrs. Crowley also testified that when she received the notes and certificates she wrapped all of them into a single package and placed them in a safe deposit box rented by her husband, to which she had access, and which she used for her personal belongings. The package was found to be intact upon the

death of Crowley, and was identified by respondent as the one she had placed in the deposit box. Upon the question of payment, respondent stated that no part of the principal or interest had ever been demanded or paid. Appellant's proof of joint savings accounts between Mrs. Crowley and her husband and the testimony of D. J. Murphy and his wife are not sufficient to show that the notes had been paid. Neither can the presumption of payment arising from long lapse of time, contended for by appellant, avail against the finding of the court based upon the evidence above set out. It is the only direct evidence upon the subject and is clearly sufficient to justify the findings.

A number of points are made by appellant in its brief, several of which can be treated together. Appellant claims that respondent's answer is in fact a complaint on the promissory notes, to which the following defenses are available: (1) The notes are barred by the statute of limitations; (2) the debt having lapsed, the lien upon the stock and dividends is extinct; (3) the action being upon a claim against the estate, the answer is fatally defective in not showing a prior presentation of the claim to the executor; (4) under the provisions of the Code of Civil Procedure (section 1880, subdivision 3), the respondent could not testify to the transaction. A sufficient answer to all of these contentions is that the action is not upon a claim against the estate, that is, the respondent is not suing upon the notes in question; the action is really one in which the appellant is seeking to secure a return of the pledged dividends without paying the debts which the dividends secure. Respondent's rights are exactly the same as if she were suing the Pleasant Valley Farming Company; appellant must show that the respondent has no right to collect the dividends from the Farming Company. The law generally and in this state is that a pledge of stock carries with it a pledge of the dividends. (Civ. Code, sec. 2989; *McAulay* v. *Moody*, 128 Cal. 202, 208, [60 Pac. 778]; Jones on Pledges and Collateral Securities, sec. 398.) Furthermore, the respondent having lawfully acquired possession of the certificates as pledgee during the existence of the obligation, and being still in possession of them when the action of appellant was filed, her lien remained in full force, and she could not be divested of it without a prior satisfaction of the debt. This principle has been laid down in earlier adjudica-

tions of this court, and is by analogy to the rule that the mortgagee in possession cannot be disturbed, even though the statute has run upon the obligation, until the debt is first satisfied. (*Bridge* v. *Connecticut Mut. Life Ins. Co.*, 167 Cal. 774, [141 Pac. 375] ; *Puckhaber* v. *Henry*, 152 Cal. 419, [125 Am. St. Rep. 75, 14 Ann. Cas. 844, 93 Pac. 114] ; *Cushing* v. *Building Assn.*, 165 Cal. 731, 737, [134 Pac. 324] ; *Zellerbach* v. *Allenberg*, 99 Cal. 57, 69, [33 Pac. 786] ; *Spect* v. *Spect*, 88 Cal. 437, [22 Am. St. Rep. 314, 13 L. R. A. 137, 26 Pac. 203].) The respondent being the lawful pledgee of the stock, she could as such pledgee collect the dividends from the Farming Company and apply them in satisfaction of the notes. Since we are not here concerned with an action upon the notes nor a claim upon the estate, the running of the statute of limitations and the extinction of the right of action upon the notes are immaterial, no claim against the estate need have been presented (*In re Galland*, 92 Cal. 293, [28 Pac. 287]), and the limitation on the right of respondent to testify to the transaction, under section 1880 of the Code of Civil Procedure was inapplicable. (*Myers* v. *Reinstein*, 67 Cal. 89, [7 Pac. 192] ; *Booth* v. *Pendola*, 88 Cal. 36, 43, [23 Pac. 200, 25 Pac. 1101] ; *Poulson* v. *Stanley*, 122 Cal. 655, [68 Am. St. Rep. 73, 55 Pac. 605].)

The remaining point made by appellant is that the court erred in permitting respondent to testify to declarations of her husband concerning the delivery of the notes and certificates of stock to her, on the ground that by the law of this state neither spouse can, without the consent of the other, testify as to any communications made by one to the other during marriage, citing section 1881, subdivision 1, of the Code of Civil Procedure. Respondent contends that no decision in this jurisdiction has extended the restriction beyond confidential communications, and by reason of the freedom of contract between husband and wife either should be allowed to testify freely to business communications. Section 1881 declares that the rule there stated excluding testimony by one spouse of declarations by the other made during marriage "does not apply to a civil action or proceeding by one against the other." The Civil Code (section 158) provides that "either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried." The protec-

tion of the right to contract with each other respecting their separate property requires that each should be allowed to testify concerning such contracts, in case of an action between them thereon. This is such an action or proceeding within the meaning of section 1881, and the prohibition therein does not apply. Under that section the wife can testify to communications made to her by her husband constituting the contract between them, or affecting her rights thereunder. *Emmons* v. *Barton,* 109 Cal. 669, [42 Pac. 303], was not a case of that character, and what is there said has no application here.

Judgment and order affirmed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.