(No. 5635.   February 12, 1931.)

LOT L. FELTHAM, HEBER C. FRANK and ALICE M. FRANK, Appellants, v. SUNNYSIDE PIPE LINE COMPANY, a Corporation, and ROY HICKS, WM. F. KLOTZ and CHARLES PEACOCK, Directors, Respondents.

[295 Pac. 1112.]

Lot L. Feltham and Fisher & Coffin, for Appellants.

Frank D. Ryan, for Respondents.

McNAUGHTON, J.—Appellants were plaintiffs, respondents defendants, in the trial court. We shall refer to them as they were designated in that court.

As we understand the record, the pipe line company is in the nature of a mutual corporation, organized for the mutual benefit of the owners of 330 acres of land. Its capital stock was divided into 330 shares, a share to each acre in the plan. These land owners were owners of stock in ditch companies. The stock in the ditch companies held by each of the owners evidenced also a water right. The water rights were in proportion to the acreage each held in the 330 acres in question. The ditch companies delivered this water to the head of the pipe line in question. The pipe line company is purely a carrying company.

At the lower end of the pipe line there is a tract of 37 acres owned at the time of organizing the pipe line company by the Feltham-Klotz Land Company. This was included in the pipe line acreage. The land company had a water right in the ditch companies and it took 37 shares of the pipe line stock. Thereafter this 37 acre tract, the

water right and the 37 shares of stock in the pipe line company, were transferred by the Feltham-Klotz Land Company to the Idaho Mining and Promoting Company, and a new pipe line company stock certificate issued to the last named company. After said transfer the Idaho Mining and Promoting Company procured a loan from the state, and as security mortgaged to the state this 37 acres of land and its water right used thereon, and pledged to the state this 37 shares of pipe line stock. Later the plaintiff Feltham purchased from the Idaho Mining and Promoting Company this land, the water right used thereon and this pipe line stock, subject to said mortgage and pledge. Plaintiff Feltham then, by means of a well and pumping plant, irrigated these lands in a manner to him more satisfactory than it had been irrigated through the pipe line. After installing this pumping system, Feltham sold these lands, reserving his title, subject to these pledges, in the water rights and the pipe line stock. Thereafter the plaintiff Feltham entered into a contract for the sale of the water right and the pipe line stock to plaintiffs Heber C. and Alice M. Frank, reserving title until certain payments had been made, but giving immediate use of the water and pipe line stock. It does not appear however, that the debt has been paid or release procured from the state of the mortgage or the water rights or this pipe line stock.

The plaintiffs, Heber C. and Alice M. Frank, own 26 acres adjacent to the pipe line above the other owners on the line, not within the original plan.

The plaintiffs Frank requested the trustees to permit them to tap the main pipe and a lateral pipe for the purpose of taking water from the line, under this pipe line stock, at a point convenient for the irrigation of lands owned by them. The trustees refused this request. Upon this refusal this action in *mandamus* to compel the trustees to permit plaintiffs to so take water from the pipe line and for $100 damages was instituted.

The trial court denied the relief principally on two grounds: First, that this relief would contravene duties the

company owed to the state as pledgee of the stock. Second, it would be in violation of the company's by-laws. On appeal, by proper assignments, error is predicated on this ruling.

It appears that the mortgage indebtedness to the state is an existing binding obligation. The pledge of neither the water right nor the pipe line stock has been released by the pledgee. There is nothing in the record to show the state's right to and in this pledged stock has changed from what it was in the beginning, unless it is held the pumping system renders it useless to the pledgee. No officer of the state has consented to a release, nor was the state made a party to this action.

We are concerned here only with the pipe line stock. It is claimed by plaintiffs they own this stock subject only to this pledge; that the corporation is a mutual company not organized for profit but for the sole benefit of its stock owners in affording them a means for carrying their irrigation water, and that a pledgee could have no right in or control of this benefit before default and foreclosure.

C. S., sec. 6390, provides: "The increase of property pledged is pledged with the property."

The California court, in construing a provision of their law identical with that quoted above, in *Savings Union Bank & Trust Co. v. Crowley*, 176 Cal. 543, 169 Pac. 67, 68, said:

"The law generally, and in this state, is that a pledge of stock carries with it a pledge of the dividends. Civ. Code, sec. 2989; *McAulay v. Moody*, 128 Cal. 202, 60 Pac. 778; Jones on Collateral Securities, sec. 398."

In Thompson on Corporations, 3d ed., sec. 4255, the rule is stated as follows:

"The dividends during the existence of a pledge of stock belong to the pledgee and it is the duty of the corporation to pay them to him where it has notice that the shares are pledged even though the transfer is not recorded."

We can see no distinction in principle between depriving a pledgee stockholder of the earnings of the stock

and in depriving him of the benefits of the stock. We think the holder of stock as pledgee, having also a mortgage on land for the improvement and benefit of which ʌthe pledged stock was issued in the beginning and was used at the time the mortgage and pledge were taken, will while the debt remains unpaid, control the stock and its benefits, and the owner of the stock so pledged has not the right to require of the officers of the corporation having knowledge of such facts, that they shall deliver the benefits of the stock to others for use upon other lands without the consent of or some waiver by the pledgee. Nor is the corporation liable in damages for the refusal of its officers to do so.

As the views herein expressed dispose of the case it is not deemed necessary to consider the other point raised. The judgment is affirmed, wtih costs to respondents.

Lee, C. J., and Givens and Varian, JJ., concur.

Koelsch, D. J., dissents.

Petition for rehearing denied.