[Sac. No. 411.   Department One.—December 31, 1897.]

In the Matter of the Estate of GEORGE M. KASSON, Deceased.  CLARK McCHESNEY, as Executor, etc., Appellant, v. J. M. KNOX, Respondent.

ESTATES OF DECEASED PERSONS—SUBSTITUTION OF ATTORNEYS—ALLOWANCE OF COUNSEL FEE—JURISDICTION—NOTICE OF HEARING—APPEARANCE OF PARTIES—RECITAL IN ORDER—OBJECTION UPON APPEAL.—After the substitution of attorneys for an executor has been ordered, the court has jurisdiction to allow a counsel fee to the retiring attorney in advance of the final settlement of the estate; and where the executor appealing from the order of allowance, and all persons interested in the estate appeared and took part in the proceedings upon the application for such allowance, and the order of allowance so recited, and there is nothing in the record upon appeal of the executor to contradict such recital, it must be taken as true, and a general claim of want of jurisdiction to make the order cannot be supported upon such appeal, for the first time, upon the ground of the lack of service of formal notice of the hearing upon the parties interested.

ID.—EFFECT OF ALLOWANCE OF COUNSEL FEES—LIABILITY OF ESTATE—CONTRACT WITH EXECUTOR—PERSONAL LIABILITY—RELEASE—PAYMENT—ACQUITTAL OF EXECUTOR.—The determination of the court in allowing counsel fees to an attorney is not a determination of the contract made by the executor and attorney as to the fee to be paid, but relates simply to the amount of fee the estate should be held to pay, and, if any greater amount is agreed upon, it is purely a personal matter between the contracting parties; and where the amount allowed is not less than the sum agreed upon, and by the contract of the parties the fee was to be fixed by the court according to the value of the services rendered, such agreement is in effect a perfect release of the executor from any personal liability for an attorney's fee; and in such case an allowance of a fee to the attorney by the court, and its payment by the executor to the attorney after such allowance, will acquit the executor of liability to the estate as to that matter in the future settlement of his accounts.

APPEAL from an order of the Superior Court of San Joaquin County allowing an attorney's fee against the estate of decedent.  Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

John S. Percy, for Appellant.

J. W. Knox, Respondent, in Person.

GAROUTTE, J.—The executor has appealed from an order of the probate court allowing him for the use of the attorney who had previously represented him in the management of the estate a fee of three thousand dollars. During the progress of the administration the executor asked for a substitution of attorneys. At the hearing of this application, Knox, the previously acting attorney for the executor, appeared and asked the court to make an allowance out of the funds of the estate to the extent of the value of the services he had rendered. A substitution of attorneys was ordered, and subsequently thereto the court made the order from which this appeal is taken.

Appellant makes the point that the order of allowance was made without notice, and therefore without the jurisdiction of the court. But, as against this contention, it may be said that a hearing of the matter was had, an opposition upon the part of the legatees and devisees was filed, and evidence taken. To be sure, this written opposition insisted that the court had no jurisdiction to fix the amount of compensation to be allowed the executor as an attorney's fee; but such a general claim of want of jurisdiction cannot be supported here for the first time upon the ground of lack of service of some character of notice of the hearing upon the parties interested. Again, in the order and decree making the allowance, it is recited that "at the hearing of said petition by the court the said executor of the will of said deceased, all persons interested in the estate of said deceased, or claiming an interest therein, or to whom distribution thereof should be made, all devisees and legatees under the will of said deceased, the next of kin of said deceased, all unpaid claimants against said estate, and all creditors of said deceased, were present by their representatives and attorneys, or personally, and took part in the proceedings had upon said application." The record before us presents no contradiction of this recital, and it must be taken as true.

It is next claimed that the court had no power in this proceeding to determine the amount to be allowed the executor as an attorney's fee. We see no good reason why such power did not exist. It certainly is a usual and ordinary practice. The determination of the court was not, as appellant would seem to think, a determination of the character of the contract made by the

executor and attorney as to the amount of fee the attorney was to be paid for his services. Upon the contrary, the determination of the court was simply as to the amount of fee the estate should be held to pay. If the executor agreed to pay an amount in excess of that sum, then such excess became a purely personal matter between the contracting parties. If, by special contract with the executor, the attorney had agreed to perform the services for a specified sum, which was less than the court might deem the services worth to the estate, then another question would be presented, but there is no such question here, and no showing to that effect. Upon the contrary, by the contract of the parties the fee was to be fixed by the court according to the value of the services rendered, and such an agreement was in effect a perfect release of the executor from any personal liability whatever for an attorney's fee.

By appellant's last contention it is claimed that the court could not settle the executor's account by piecemeal, and that this attorney's fee should have been fixed when an account was presented to the court for settlement. There is no good reason for such a course of procedure. Often it may be the better practice and more convenient, but there is no absolute rule of law requiring it. Substantially the identical course here pursued would have been followed when the hearing of the account came on before the court. The amount of the attorney's fee could not be set forth in the account, for the court had not yet fixed the amount; but upon the hearing, after taking evidence as to the value of the service, the court would have fixed the amount and have settled the account, with such amount inserted therein. Under the circumstances here presented, a payment of this fee to the attorney by the executor will acquit the executor of liability to the estate as to that matter.

For the foregoing reasons the order appealed from is affirmed.

Harrison, J., and Van Fleet, J., concurred.