[Sac. No. 717.   Department Two.—March 14, 1900.]

€. C. MAXON, Appellant, v. DAVID L. JONES, Respondent.

|128   77|
|129   524|

BROKERS' COMMISSIONS—NEGOTIATION OF LOAN FOR ADMINISTRATOR.—A
broker who has negotiated a loan for an administrator under a
written contract for a specified commission, and who has done
all that he was required to do under his contract and under the
terms of the written application of the administrator for the
negotiation of the loan, and has found a purchaser who was
willing and ready to make the loan applied for, is entitled to
the commission agreed upon.

ID.—LOAN UPON MORTGAGE SECURITY—REFUSAL OF ORDER OF COURT—
RIGHT TO AGREED COMMISSION.—Where the administrator applied
to the broker for the negotiation of a loan to be secured by
mortgage upon the lands of his deceased father, and represented
that all of the heirs were agreed thereto, and that he had an
order of court authorizing it, there being no conditions expressed
in the agreement to pay the commission other than that a loan
should be obtained by the broker, his right to the agreed com-
mission upon obtaining the loan from one willing and ready to
make it upon the security proposed, does not depend upon the
validity of the proposed mortgage, or the power of the adminis-
trator to make it, and is not affected by the refusal of the prof-
fered loan on the ground of the refusal of the court to authorize
the mortgage upon the objection of an heir thereto.

ID.—PERSONAL LIABILITY OF ADMINISTRATOR.—Where there was nothing
in the written application or in the contract for the negotiation
of the loan limiting the payment of the broker's commission so
as to make it expressly payable out of the estate only, the ad-

ministrator is personally liable for the commission earned by performance of the contract on the part of the broker.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the commission.

Heller & Powers, for Appellant.

James A. Louttit, and W. W. Middlecoff, for Respondent.

COOPER, C.—Appeal by plaintiff from the judgment, and an order denying his motion for a new trial. The action was brought to recover a balance of twelve hundred dollars alleged to be due upon a contract made by defendant with one Schuller, plaintiff's assignor, whereby defendant agreed to pay said Schuller fifteen hundred dollars as commissions for negotiating a loan. The case was tried before the court without a jury, findings filed, and judgment entered for defendant. The court found:

"3. That on the thirteenth day of March, 1896, the said D. L. Jones, representing himself to be the administrator of the estate of said J. W. Jones, deceased, and not except as representing himself to be such administrator, entered into a contract in writing employing one A. Schuller to obtain a loan for said administrator upon certain property of said estate then in process of probate, said contract being the same contract set forth in paragraph II of complaint of plaintiff herein.

"4. That on or about the twentieth day of March, 1896, said Schuller found one Bartlett Doe, who was then and there financially able to loan to said D. L. Jones, as administrator of the estate of said J. W. Jones, deceased, the money applied for by said administrator, but that said Doe was at no time ready or willing to make said loan to said administrator except upon terms and conditions other than and different from those ever agreed to by said administrator.

"That said defendant did not, as such administrator, or otherwise, at any time agree to take from said Bartlett Doe said money upon the terms and conditions specified by said Doe in his offer to loan the same.

"5. That said Bartlett Doe did not at any time offer to or agree to make said loan in accordance with said original application or contract therefor, or upon the modified promise and conditions set forth in paragraph III of complaint herein."

The court further found that said Doe never agreed to make said loan except upon condition that the defendant, as administrator of the estate of J. W. Jones, deceased, would procure a proper order from the superior court of San Joaquin county authorizing him, as such administrator, to execute the proper note and mortgage upon the real estate described in the complaint. That defendant applied to the said superior court for such order, but the court refused to make it, and defendant was unable to procure it.

That defendant did not undertake to procure said order authorizing him to mortgage, and never agreed in his individual capacity, or as administrator, further than to present his application and apply to the superior court for such order.

"13. That said Schuller has not performed all the acts or kept all the conditions to be by him performed under the agreements, or either of the agreements set forth in complaint herein."

The evidence is brought here in a bill of exceptions, and the principal point urged is that the findings quoted are not supported by the evidence.

We have carefully looked into the record, and we think the challenged findings are not supported by the evidence. It appears from the evidence, without conflict, that on March 13, 1896, the defendant made application in writing to Schuller, a mortgage broker, to obtain a loan of forty-nine thousand three hundred and thirteen dollars and sixty-three cents upon certain lands described in said application belonging to the estate of defendant's father, of which defendant was administrator. Defendant told Schuller that all the heirs had signed a paper consenting that the loan should be made, and that he had an order of court authorizing it. In a letter to defendant dated March 13, 1896, Schuller said: "I am a broker and will charge you fifteen hundred dollars for my services in negotiating the loan." The defendant then signed and delivered to Schuller a contract in writing as follows:

"San Francisco, March 13, 1896.

"A. Schuller, Broker, San Francisco:

"I hereby authorize you to obtain a loan of $49,313.63 for one year, at nine per cent per annum. If you negotiate a loan for me I agree to pay you a commission of fifteen hundred dollars, and I hereby authorize and direct the party making said loan to deduct therefrom said commission, and to pay the same to you.                          (Signed)    "D. L. JONES,

"Administrator J. W. Jones' Estate."

Schuller then, in pursuance of said written contract, procured the abstracts of title, had them examined by attorneys, and entered upon negotiations for said loan. He finally found one Doe, who was willing to make the loan. Defendant, in pursuance of a meeting arranged by Schuller, saw Doe in San Francisco, and they mutually agreed upon the loan for nine per cent per annum for the term of a year and a half. This agreement was conditioned upon the title being all right, and defendant agreed to pay Doe interest from May 15, 1896. The attorney for Doe, upon examining the title, found various defects, all of which were either waived or corrected, except the order authorizing the defendant, as administrator, to make the mortgage. The defendant agreed that if he could he would correct the title and that he would apply to the court for a new and proper order to mortgage. He did file a petition and make proper application for authority to execute the mortgage as administrator, but, upon objection being made by some of the heirs of the estate, the order was refused on September 28, 1896. During the negotiations, and while defendant was attempting to correct the title, he paid plaintiff on account the sum of three hundred dollars, and reported the same in his account to the court in the probate proceedings, and the court allowed it. In a letter written by Doe's attorney to defendant's attorney dated August 28, 1896, all defects in the title were expressly waived except the procuring of a proper order from the court authorizing the execution of the mortgage. In a letter to Schuller written by defendant's attorney September 19, 1896, Schuller was informed that Doe need not longer hold the money, and that in the opinion of the attorney the court would not make the order to mortgage. We think the above evidence does not show "that Schul-

ler has not performed all the acts or kept all the conditions to be by him performed under the agreements," but shows, on the contrary, that he did fully perform all the contract on his part. It has not been suggested in the briefs, and we are unable to discover anything more that Schuller could have done. The defendant made the contract, and we see no reason why he should not be bound by it. He agreed to pay Schuller fifteen hundred dollars in case he negotiated a loan for him. Schuller negotiated the loan, and upon terms to which defendant agreed. Not only this, but the defendant expressly stated to Schuller that the heirs had signed a paper consenting to the loan, and that the court had made an order authorizing it. There were no conditions attached to the contract by which Schuller was employed. The court below was evidently of the opinion that the contract did not bind defendant personally, and that as the loan was not actually made, the defendant was not liable for the commission. We think to so hold would be to insert conditions in the contract which the parties themselves did not make and which they in no way agreed to. There is nothing in the writings, correspondence, or contract showing that defendant did not intend to be personally bound. We understand the well-settled rule to be that the administrator or executor of an estate is personally liable on his contract for services rendered the estate unless there is an agreement to the contrary. It is said in 2 Woerner's American Law of Administration, section 356: "It seems that if an executor or administrator wishes to avoid personal liability he must expressly stipulate that the creditor shall be paid out of the estate only." (See authorities collected in 2 Woerner's American Law of Administration, 758, note 5; *Briggs v. Breen,* 123 Cal. 659, and cases cited.) The rule is also well settled that where a broker is employed to procure a loan or effect a sale and does all that he was required to do under his contract, and procures a party who is willing and ready to make the loan or purchase the property, that he is entitled to the commission agreed upon. (*Phelan v. Gardner,* 43 Cal. 306; *Phelps v. Prusch,* 83 Cal. 627; *Smith v. Schiele,* 93 Cal. 144; *Gonzales v. Broad,* 57 Cal. 224.) In the latter case, the defendant had agreed to pay plaintiff a commission of five hundred dollars upon his finding a purchaser and negotiating a

sale of certain real estate for eighteen thousand dollars. The plaintiff found such purchaser ready and willing to take the property at the price named. Upon an examination of the title it was found defective, and the proposed purchaser refused to take the property. It was held that plaintiff was entitled to his commission. In the opinion it is said: "The plaintiff did all he was bound to do, under his contract, to entitle him to the remuneration agreed on. He procured a purchaser ready and willing to buy the property at the price the defendant proposed to sell it, which purchaser was acceptable to defendant. The plaintiff could do no more. His right to compensation did not in any way depend, according to the contract, on the validity or invalidity of the defendant's title to the property."

The reasoning of that case may well be applied to this. There is not a word in the contract making the commission depend upon the title of the defendant being good and the loan actually made. The parties might have made such contract, but they did not. It is not claimed or even suggested in the brief of defendant that he could have executed a valid mortgage without procuring the order as desired by Doe. The defendant told the plaintiff that he had such order before the plaintiff made the contract. He knew that an order in proper form was requisite. If the order he had was valid in all respects, and the title tendered to Doe good, it might have been shown by defendant as a complete defense. If Doe was not ready and willing to make the loan, upon a good and valid title being conveyed to him by way of mortgage, then the plaintiff did not comply with his part of the contract. But the evidence is to the contrary. The words in the contract authorizing the party who should make the loan to pay plaintiff the fifteen hundred dollars out of it were evidently inserted in order to make plaintiff secure in his commissions. The provision was not intended to prevent the plaintiff from recovering in case the loan should not be made through the fault of defendant.

The judgment and order should be reversed.

Britt, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

McFarland, J., Henshaw, J., Temple, J.