[S. F. No. 3219.    Department One.—January 22, 1903.]

J. C. McKEE, Appellant, v. EMILE SOHER, Administrator of Estate of Lewis Soher, Deceased, Respondent.

Estates of Deceased Persons—Attorneys' Fees—Allowance to Administrators Severally—Liability of Co-administrator.— Where each of two administrators severally employed attorneys, whose services were allowed in the separate account of each, and the powers of one of them was suspended after the settlement of his accounts, and it was decreed that the amounts allowed to his attorneys should not be paid until the money found to be due from him be paid to the other administrator, or paid into court for the benefit of the estate, the other administrator cannot be held liable in any manner for the services of the suspended administrator, unless by reason of such decree.

Id.—Estate not Liable.—An attorney must look to the personal responsibility of the administrator who employs him, and cannot hold the estate liable for services rendered to the administrator. The attorney's fees and charges paid by the administrator are allowed to the administrator, and not to the attorney.

Id.—Payment by Administrator—Allowance to Co-administrator.— Where the fees of the attorney have been paid by the administrator who employed him, they cannot be again recovered, and the fact that an allowance for attorney's fees paid by the suspended administrator was allowed in the final account of the co-administrator cannot constitute a judgment in favor of the attorney or entitle him to recover the amount from the co-administrator.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

T. W. Nowlin, for Appellant.

The allowance to the defendant of the sum allowed to the suspended executor for attorney's fees makes the defendant liable. This allowance will not be disturbed upon appeal, as no abuse of discretion appears. (*Estate of Gasq,* 42 Cal. 289.) The order settling the account is conclusive, no appeal having been taken therefrom. (*Estate of Grant,* 131 Cal. 429; *Estate of Couts,* 87 Cal. 480; *Miller* v. *Lux,* 100 Cal. 613.) The defendant holds the money allowed to him for plaintiff's fees in trust for the plaintiff.

David I. Mahoney, and W. A. Plunkett, for Respondent.

The employment of an attorney does not bind the estate, but only the administrator who employed him. (*Matter of Page,* 57 Cal. 238; *Gurnee* v. *Maloney,* 38 Cal. 85;[1] *Estate of Levinson,* 108 Cal. 450; *Estate of Ogier,* 101 Cal. 381-385;[2] *Briggs* v. *Breen,* 123 Cal. 656.) It is proved and found that the allowance to the executor was for a sum that had been paid; and this being the case, the plaintiff cannot recover. (*Reed* v. *Havey,* 23 Ark. 44; *Kyle* v. *Kyle,* 25 W. Va. 376; *Ludlam's Estate,* 3 Clark (Pa.), 276; *Shinkle* v. *Letcher,* 47 Ill. 216; *Ahl* v. *Ahl,* 71 Md. 555.)

COOPER, C.—Action to recover attorney's fees. Defendant had judgment, and this appeal is by plaintiff from the judgment and order denying his motion for a new trial.

It appears that Emile Soher and Adolph Soher were ad-

---

[1] 99 Am. Dec. 352.      [2] 40 Am. St. Rep. 61.

ministrators, with the will annexed, of the estate of Lewis Soher, deceased, and had different attorneys representing them as such administrators. In April, 1900, they filed and presented for settlement their joint account of their administration, and at the same time each filed and presented his separate account of his administration.

Upon the hearing of the accounts certain objections were sustained to items in the separate accounts, and they were allowed as to all other items, and the joint account was allowed as presented. After the accounts were filed the powers of Adolph Soher as such administrator were suspended by order of the court, and in the decree allowing the accounts appears the following clause:—

"And it appearing that, since the filing of said accounts, the powers of said Adolph Soher, as such administrator, have been suspended by order of this court duly made and given, and it further appearing that, on the hearing of said account, application was made for an allowance for the services of attorneys appearing for the administrators,—viz., Messrs. J. C. McKee and Benjamin Healey, who have acted as attorneys for said Adolph Soher, as such administrator, and D. I. Mahoney and W. A. Plunkett, Esq., as attorneys for said Emile Soher, as such administrator,—and evidence having been introduced as to the value of such services and the allowance therefor, and the court having considered the same, it is ordered that there be allowed Emile Soher, administrator with the will annexed of the estate of said deceased, the sum of $5,000 as attorneys' fees, as follows: For his attorneys, Messrs. D. I. Mahoney and W. A. Plunkett, the sum of $2,500; and for the services of said J. C. McKee, Esq., attorney for said Adolph Soher, as administrator, $1,250; and for the services of Benjamin Healey, attorney for said Adolph Soher, administrator, the sum of $1,250. Said sum of $1,250 allowed for the services of said Benjamin Healey, and said sum of $1,250 allowed for the services of said J. C. McKee, Esq., shall not be paid until the money found to be due from said Adolph Soher be paid to said Emile Soher, administrator, or paid into court for the benefit of the estate."

This action was brought to recover of defendant the amount of $1,250 allowed in said account to Emile Soher for the

CXXXVIII. Cal.—24

services of the plaintiff, as attorney for Adolph Soher in the estate of said Lewis Soher, deceased.

The defendant is not liable in any manner, unless it be by reason of the quoted clause in said decree. He did not employ plaintiff, nor did plaintiff act as his counsel. The court expressly found "that plaintiff was never employed by defendant as administrator or otherwise, and never performed any services for him as administrator or otherwise." This finding is supported by the direct evidence of defendant, and also by the evidence of plaintiff, who testified that he was employed by Adolph Soher, and that the first work he did, or attempted to do, was to "knock out" Emile Soher, the co-administrator. It is well settled that an attorney cannot hold an estate liable for services rendered to the administrator or executor. His services are performed for and on behalf of the administrator or executor, for the purpose of assisting him in the execution of his trust. The administrator shall be allowed necessary expenses in the care and management of the estate, including reasonable fees paid to attorneys for conducting the necessary proceedings or suits in court, but such fees are allowed to the administrator or executor, and not to the attorney. The estate is not liable, but the executor or administrator is personally responsible. Even where the court allows the executor the amount deemed reasonable for the fees of his attorney, such allowance, in the absence of agreement, is not binding upon the attorney, and he may recover more than the amount allowed, provided the allowance was not reasonable. (Code Civ. Proc., sec. 1616; *In re Ogier,* 101 Cal. 385;[1] *In re Levinson,* 108 Cal. 458; *Briggs* v. *Breen,* 123 Cal. 65.)

It follows that plaintiff must look to his employer, Adolph Soher, for his compensation. He cannot hold the estate, nor the present administrator. If the amount has been allowed to Emile Soher for expenses incurred by Adolph Soher, that is a matter for Adolph and Emile and the distributees of the estate to adjust between themselves, either peaceably or by litigation. But as to the claim of plaintiff against Adolph Soher, the court finds that before the commencement of this action and before the entry of the aforesaid decree, Adolph

[2] 40 Am. St. Rep. 61.

Soher had paid, "and plaintiff had received from Adolph Soher, as such administrator, all money due to him, or to which he would be entitled as attorney for said Adolph Soher, as administrator. That the services mentioned in said decree in these findings heretofore set forth are the same services for which plaintiff had already been paid."

There was evidence to support this finding. Adolph Soher testified that, while plaintiff was his attorney in the estate, certain real estate on O'Farrell Street was sold for $24,000, and that when witness cashed the check he "gave him $1,500, and he gave me his receipt, typewritten; this money was paid to Mr. McKee on account of his fees as my attorney as administrator; this was done at the bank at the time the check was cashed." Plaintiff in his testimony admits the receipt of the $1,500 out of the funds of the estate, and that he gave Adolph Soher a receipt for it, but he claims that the amount was for personal services for Soher, and not for services as administrator. If the amount had already been paid, as the court found, it cannot be again recovered. The plaintiff was not a party to the proceeding for the settlement of the account, and the order of the court allowing the executor a sum of money for the reasonable fee of the attorney for Adolph Soher, as executor, although sufficient to give the executor, Emile Soher, when he had paid it, credit in his account for the sum so allowed, did not constitute a judgment or adjudica- tion in favor of the attorney named in the order, against either the estate or the executor, and cannot be made the foundation of an action by him against either. The decree only fixed the allowance of the attorney's fee as expense to the adminis- trator. It could be allowed in the decree after it was paid as well as before. Plaintiff cannot be permitted to recover it again, simply because it was fixed in the decree allowing the account.

We advise that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.

Hearing in Bank denied.

Beatty, C. J., delivered the following dissenting opinion upon the petition for rehearing:—

' BEATTY, C. J.—In my opinion there should be a rehearing in this case for further consideration of one of the points decided in the opinion of the court. In effect, it is held that when, upon petition of an administrator, the court has, in settling his final account, ascertained the sum justly due to his attorney for his services in the settlement of the estate, and has authorized him to withhold so much of the fund in his hands awaiting distribution, for the express purpose of paying it to his attorney, and has awarded to the distributees only the residue of the estate, after deducting that and other allowances to the administrator,—that all this gives the attorney no right of action to recover the sum so allowed for his services and actually placed in the hands of the administrator for the purpose of paying him.

It seems to me very clear that upon this state of facts the attorney, if he demanded the sum so allowed, and thereby signified his acceptance of the allowance, would have a perfect cause of action for so much money had and received to his use, subject, of course, to any defense open to one who has been paid money upon an agreement that he would pay it to another.

In this case it is found that more than the sum allowed had already been paid to the plaintiff by the co-administrator of the defendant; and if the fact was so, this, no doubt, was a good defense, which the defendant was bound to make in the interest of the distributees or of his co-administrator. But in the absence of this, or some other valid defense, he would, in my opinion, have been properly held liable in this action.