[S. F. No. 3245.   Department One.—November 24, 1903.]

## JOHN McCLOSKEY and ANN McCLOSKEY, Appellants, v. MARTIN TIERNEY, Executor, etc., Respondent.

ASSIGNMENT OF BANK ACCOUNT—DELIVERY OF BOOK—WILL.—An instrument executed by a person about to die, a few days before his death, stating that "for services rendered, I, the undersigned, leave to Mrs. McCloskey, the balance of my account with the German Savings and Loan Society," specifying the amount, together with the concurrent delivery to her of the bank-book showing the account referred to, evidences a present assignment of the bank account, and not a disposition of a testamentary nature, to take effect only at the death of the signer of the instrument.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion.

Finlay Cook, for Appellants.

The circumstances under which the instrument was executed are to be considered, and the intention to transfer the bank account must govern. (Code Civ. Proc., secs. 1856, 1860; Civ. Code, secs. 1625, 1639, 1640, 1643, 1647, 1649, 1654; 1 Greenleaf on Evidence, secs. 282 et seq., 297 et seq.; 2 Ency. of Law, 2d ed., 287 et seq.; *Balfour* v. *Fresno etc. Co.,* 109 Cal. 221; *Balfour* v. *Fresno etc. Co.,* 123 Cal. 395; *Clarke* v. *Ransom,* 50 Cal. 595; *Ross* v. *Brusie,* 64 Cal. 245; *Jenny Lind Co.* v. *Bower,* 11 Cal. 198; *Altschul* v. *San Francisco etc. Assn.,* 43 Cal. 171; *Truett* v. *Adams,* 66 Cal. 218; *Board of Education* v. *Keenan,* 55 Cal. 642; *Piper* v. *True,* 36 Cal. 606; *Saunders* v. *Clark,* 29 Cal. 304; *Salmon* v. *Wilson,* 41 Cal. 595.)

Sullivan & Sullivan, and R. F. Mogan, for Respondent.

The word "leave" is testamentary. (*Doe* v. *Thorley,* 10 East, 438; *McKonkey's Appeal,* 13 Pa. St. 253; *Mitchell* v. *Donohue,* 100 Cal. 202.[1])

[1] 38 Am. St. Rep. 297.

SMITH, C.—This suit was brought against the German Savings and Loan Society to recover a balance of $738.85, alleged to be due to the defendant's testator, and to have been by him assigned to the plaintiff Ann McCloskey. The money was paid into court by the bank, and upon its application, under section 386 of the Code of Civil Procedure, the present defendant was substituted for it.

The main question in the case turns upon the construction of the written instrument offered by the plaintiff in proof of the alleged assignment, and excluded by the court, which is as follows:—

"San Francisco, February 4th, 1901.

"For services rendered, I, the undersigned, leave to Mrs. McCloskey the balance of my account with the German Savings and Loan Society, which amounts to date $789.85 (seven hundred eighty-nine dollars and eighty-five cents).

"Nicholas Murphy."

This instrument was duly executed by Murphy a few days before his death, and, with the bank-book showing the account referred to, delivered by him to the plaintiff Mrs. McCloskey. It was excluded from evidence by the court on the ground that it was not a present assignment of the claim, but a disposition of it to take effect on the death of Murphy, and therefore of a testamentary nature. But we do not think this view of the case can be sustained. The language of the instrument imports a present disposition of the property for valuable consideration, and this construction is confirmed by the concurrent delivery of the bank-book showing the account. The words used ("I . . . leave to Mrs. McCloskey," etc.) are not indeed the aptest to express the idea of an assignment; but in view of the impending death of the assignor, and the resulting sense of immediate or speedy departure under which he must have acted, they were not altogether inappropriate, and we do not think that the intention to assign can be doubted. The instrument must therefore be construed as a present assignment of the claim. (Civ. Code, secs. 1636, 1637, 1643, 1654, 3541, and note to last section in Pomeroy's Edition. See Broom's Legal Maxims, 521, 657; Sprague v. Edwards, 48 Cal. 240.)

It follows that the judgment and order appealed from should be reversed, and we so advise.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.
Van Dyke, J., Angellotti, J., Shaw, J.