[Civ. No. 539.  First Appellate District.—February 5, 1909.]

HICKMAN-COLEMAN COMPANY, a Corporation, Appellant, v. JOSEPH LEGGETT, Individually, and as Executor of Will of AMANDA M. SCALES, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—POWER OF EXECUTOR OR ADMINISTRATOR TO BIND ESTATE BY EMPLOYMENT OF SERVICES.—An executor or administrator cannot create any liability against the estate in his charge by his employment of the services of attorneys, brokers, or others to assist him in the performance of his duties.  The attorney, broker, or other person employed has no action or claim against the estate.

ID.—CLAIM AGAINST INDIVIDUAL—REMEDY OF EXECUTOR OR ADMINISTRATOR.—Whatever claim the person employed has, whether it be absolute or conditional, is against the executor or administrator in his individual capacity, who in turn may, if the expenditure was in good faith, and was proper, be credited therewith in the settlement of his accounts against the estate.

ID.—COMPLAINT AGAINST ESTATE FOR SERVICES OF BROKER—UNTENABLE COUNTS—PROPER JUDGMENT UPON DEMURRER.—Counts in a complaint against an executor of the will of a deceased person, for services rendered as a broker in finding a purchaser of real estate belonging thereto, at a fixed percentage, state no cause of action against the estate, and final judgment in favor of the estate is properly rendered upon the sustaining of a demurrer to such untenable counts.

ID.—PROPER COUNTS AGAINST EXECUTOR INDIVIDUALLY—PERSONAL EMPLOYMENT OF BROKER.—Counts of the complaint setting forth an employment by the executor, in his individual capacity, of the

plaintiff as a broker to find a purchaser at a fixed price, and promising individually to pay to plaintiff a commission of five per cent thereon, in a written contract signed by the executor solely in his individual name, and alleging that the plaintiff procured a purchaser ready and willing to pay the price fixed, who was accepted as such by the defendant, and that no part of the commission has been paid, are sufficient to show the personal liability of the defendant under the contract set forth, notwithstanding he was dealing with property belonging to the estate, and a demurrer thereto was improperly sustained.

ID.—CONSTRUCTION OF PROMISE.—The promise made by the defendant in the written contract must be interpreted so as to make it operative; and where the promise, signed by the defendant, personally, was, "I will pay you your commission of five per cent on that amount, or on any other amount that I may accept from a purchaser obtained by you, if the determination of the question rests solely with me, and I will recommend that that commission be paid you if the determination of the matter rests with the court," the whole contract being the individual contract of the defendant, the amount he might pay to plaintiff did rest solely with him.

ID.—AMOUNT TO BE ALLOWED IN SETTLEMENT OF ESTATE.—The amount to be allowed to the executor in the settlement of the estate rested with the court, provided he asked for the allowance.

ID.—REFUSAL TO ASK FOR ALLOWANCE—LIABILITY FOR PERCENTAGE.— Where the executor not only failed, but also refused the request of the plaintiff to ask for an allowance, and, by his own fault, made it impossible to procure a determination by the court, he is liable to the plaintiff absolutely for the percentage fixed by himself for the purchaser obtained by plaintiff, and accepted by him under the written contract.

ID.—INCREASED BID IN COURT—AWARD OF COMMISSIONS TO BROKERS OR BIDDERS—DEFENDANT NOT RELIEVED.—The fact that an increased bid was made in court upon the return of sale, and that the court ordered commissions of the brokers employed by the increased bidder to be paid to them out of the estate, cannot relieve the executor from individual liability to the plaintiff for the agreed commissions earned by plaintiff.

ID.—ERRONEOUS ALLOWANCE TO BROKERS—DIRECT ALLOWANCE IMPROPER.—Neither the executor individually, nor as executor, could be properly charged with services of brokers not employed by him; and it was error to make any allowance out of the estate in favor of brokers.

ID.—COMMISSION ON SALE NOT CONFIRMED.—It is not a tenable objection that no commission can be allowed upon a sale not confirmed. It was necessary for the executor to contract for a sale before any report thereof could be made to the court, and he had the personal

right and power to contract individually for a commission to be paid to a broker to find a purchaser whose bid should be accepted by him.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

A. A. DeLigne, for Appellant.

Ernest J. Mott, for Respondent.

HALL, J.—This is an appeal from a judgment entered against plaintiff upon an order sustaining defendant's demurrer to plaintiff's complaint.

The complaint is in four counts.   The first two counts state, or attempt to state, a cause of action against defendant individually for services rendered to defendant by plaintiff in procuring a purchaser for real estate belonging to the estate of Amanda M. Scales, deceased, of whose will defendant was the sole executor.

In the third and fourth counts plaintiff seeks to charge defendant, as executor, for services as broker in obtaining a purchaser for real estate belonging to said estate.

The demurrer was general, and was directed separately against each count.

The court made an order sustaining the demurrer in general terms, and entered a judgment against plaintiff and in favor of defendant, both individually and in his capacity as executor of the last will and testament of Amanda M. Scales, deceased.

We will first consider the question presented by the ruling of the court upon the demurrers to the third and fourth counts.

It is but fair to appellant to state that we do not understand him to seriously contend that either of these counts states a cause of action against defendant in his capacity as executor.   It is only in such capacity that he is sued in those counts.   It is well settled that an executor or administrator cannot create any liability against the estate in his charge by his employment of attorneys, brokers or others to assist him

in the performance of his duties. The attorney, broker or other person employed has no action or claim against the estate. Whatever claim he has, whether it be absolute or conditional, is against the executor or administrator in his individual capacity, who in turn may, if the expenditure was made in good faith and was proper, be credited therewith in the settlement of his accounts with the estate. (*McKee* v. *Hunt,* 142 Cal. 526, [77 Pac. 1103]; *Estate of Scott,* 1 Cal. App. 742, [83 Pac. 85]; *Maxon* v. *Jones,* 128 Cal. 77, [60 Pac. 516]; *Sterritt* v. *Barker,* 119 Cal. 495, [51 Pac. 695]; *Briggs* v. *Breen,* 123 Cal. 657, [56 Pac. 633, 886]; *McKee* v. *Soher,* 138 Cal. 367, [71 Pac. 438, 649]; *Estate of Willard,* 139 Cal. 501, [73 Pac. 240].)

The rule is thus stated in the marginal note to section 356, Woerner's American Law of Administration: "Executors and administrators cannot bind the estate by any contract, although assuming to do so, but they are primarily liable to the creditor."

As appellant states in his reply brief that he believes "that the point is settled in this state that the executor or administrator cannot bind the estate, or make the estate directly liable to the real estate broker for services performed in assisting the executor or administrator in making sales of property of the estate," and only framed the counts against defendant as executor in order to present to the court every theory of the case, we need not discuss these counts further. The demurrer was properly sustained as to the third and fourth counts, and judgment was properly entered in favor of defendant as executor of the last will and testament of Amanda M. Scales, deceased.

This brings us to a consideration of the first and second counts, wherein defendant is sued in his individual capacity.

The first count states the facts according to their legal effect, while the second count pleads the facts in detail upon which, it is evident from the brief of appellant, that plaintiff relies for a recovery.

In this second count the formal matters as to the death of Amanda M. Scales, testate, the probate of her will and the appointment of defendant as executor thereof are alleged, as well as that a certain piece of real estate situate in the city of Sacramento was a part of her estate. It is then alleged that defendant individually entered into a contract with

plaintiff, by means of a letter addressed to Frank Hickman, the manager of plaintiff. The letter is set forth in full, and is as follows:

"San Francisco, February 18, 1907.

"Frank Hickman, Esq., Sacramento, Cal.

"Dear Sir: I have consulted with my friends here who are interested in the matter of the estate of Mrs. Scales, and have settled upon the asking price. It is $20,000.00. I will pay you your commission of five per cent on that amount, or on any amount that I may accept from a purchaser obtained by you, if the determination of the question rests solely with me; and I will recommend that that commission be paid you if the determination of the matter rests with the court.

"The following extract will show you the extent of the power given me by the will:

" 'Fourthly. I hereby authorize and empower my executors and trustees named, and the survivor of them, to sell, dispose of and convey any and all of the real estate, and all of the personal property not hereinabove bequeathed, of which I shall die seized, or possessed, at any time or times they may see fit, without obtaining the order of any court, and upon such terms and in such manner as to them shall seem best.'

"I am the surviving executor now, and possess all the power given by this paragraph of the will.

"You can submit to me any offer that may be made to you, and I will give you a prompt reply. You can take a deposit if you are offered $20,000.00.

"Yours truly,

"JOSEPH LEGGETT."

It is further alleged that, acting in pursuance of this contract, plaintiff procured a purchaser for the real estate at the price of $20,000, and took a deposit from him of $2,000, and notified defendant thereof, who accepted the offer of such purchaser, one Edward I. Brown, who was both able and willing to complete said purchase. That defendant made return of said sale to Brown to the superior court, and that upon the final hearing of such return a bid of $22,000 was made for the property by one Mier, and the sale confirmed to him. It is further alleged that at said hearing, upon the application of an attorney for certain devisees under the

will of deceased, the court allowed a commission of $1,100 to the firm that presented the bid of Mier, and directed the executor to pay to said firm out of the assets of the estate said $1,100.

It is further alleged that defendant never employed the said firm to which the court awarded said commission to procure a purchaser for said property.

It is also alleged that defendant did not at the said hearing request the court to fix any compensation to be paid plaintiff, or to be allowed defendant for that purpose, but expressly refused to do so, and that although often requested, he has ever since refused to apply to said court for any allowance, or to fix any commission or compensation for the procuring of said purchaser Brown, and has absolutely repudiated said contract with plaintiff and all liability thereunder. No part of the $1,000 has been paid plaintiff.

The question raised by respondent is as to the liability of defendant under the writing set forth in the complaint. It is not suggested that plaintiff has not fully performed what he was employed to do, to wit, procured a purchaser satisfactory to defendant, at the price authorized and accepted by defendant.

There can be no doubt but that the contract is on its face the individual contract of defendant. While he was dealing with property belonging to the estate, he could not under the law make a contract of this character that would create a liability against the estate. The agreement to pay commission, to be valid at all, must be the individual agreement of defendant. "A contract must be interpreted so as to make it operative and capable of being carried into effect, if it can be done without violating the intention of the parties." (*Lambert* v. *Haskel*, 80 Cal. 611, [22 Pac. 327]; *Sample* v. *Fresno Flume etc. Co.*, 129 Cal. 222, [61 Pac. 1085]; *McCloskey* v. *Tierney*, 141 Cal. 101, [99 Am. St. Rep. 33, 74 Pac. 699]; *Cullen* v. *Sprigg*, 83 Cal. 56, [23 Pac. 222]; *Adams* v. *Hopkins*, 144 Cal. 19, 37, [77 Pac. 712]; *Alaska Imp. Co.* v. *Hirsch*, 119 Cal. 249, 257, [47 Pac. 124, 51 Pac. 340]; *Jackson* v. *Puget Sound Lumber Co.*, 123 Cal. 97, [55 Pac. 788]; *Sutliff* v. *Seidenberg Stiefel Co.*, 132 Cal. 63, [64 Pac. 131, 469]; Civ. Code, sec. 1643.)

The significant language of the contract is contained in these words: "I will pay you your commission of five per-

cent on that amount, or on any other amount that I may accept from a purchaser obtained by you, if the determination of the question rests solely with me, and I will recommend that that commission be paid you if the determination of the matter rests with the court." Strictly speaking, this being, as we have seen, the individual contract of defendant, the amount that he might pay did rest solely with him. The amount that might be allowed him in his settlement with the estate did rest with the court. But before the court can fix such amount it is necessary that he as executor ask for such allowance. Whatever allowance is made must be made to the executor, and not to the broker. This is so well established as the law of this state that it is quite unnecessary to cite authorities. Undoubtedly defendant had in mind the right of the court to determine the credit that should be allowed the executor for expenditures made in the performance of his trust when he penned the language above quoted. While the language is not as clear and definite in meaning as it might be, we think it clear that defendant bound himself to pay to plaintiff five per cent on the bid accepted by him, or such amount as the court might determine to be proper. He must pay one or the other. He alone under the law can obtain the fixing of the amount by the court. As he has failed and refused to invoke the action of the court, and thus by his own fault made it impossible to procure a determination by the court, he is liable to plaintiff for the five per cent fixed by himself.

The fact that the court, at the hearing of the return, fixed and directed the payment, out of the assets of the estate, of a commission to a firm not employed in writing or at all by defendant does not affect the right of plaintiff to his commission earned under his written contract. If the facts alleged in the complaint are correct, it is difficult to understand upon what theory such order was made. As this firm was not employed to make the sale in writing, or at all, by defendant, it had no claim against defendant, either individually or as executor, and in any event it was error to make an allowance directly to such firm of brokers. (*Estate of Kasson*, 119 Cal. 489, [51 Pac. 706], in addition to cases cited *supra*.) However that may be, such allowance cannot affect plaintiff's right under its contract.

Neither do we see any force in the contention of respondent that because no sale could be made without being confirmed by the court, and that the court did not confirm the sale to Brown, but to a higher bidder at the hearing, plaintiff is not entitled to his commission. Before any sale could be made or confirmed, it was necessary to procure a purchaser who would make an offer that could be accepted by the executor, and reported to the court for its action. This was what plaintiff was employed to do, and he did it, with the result that the property was in fact sold, and for a sum in excess of the amount fixed by defendant, to the manifest advantage of the estate. Plaintiff, having fully performed his contract, is entitled to his commissions. (*Maxon* v. *Jones*, 128 Cal. 77, [60 Pac. 516], and cases there cited.) For these reasons the court erred in overruling the demurrer as to the second count, as well as to the first count, where the facts are alleged according to their legal effect.

The judgment in favor of defendant individually is reversed, and the court is directed to overrule the demurrer to the first and second counts of the complaint. In other respects the judgment is affirmed, and the cause is remanded to the trial court for further proceedings under the first and second counts of the complaint.

Cooper, P. J., and Kerrigan, J., concurred.