[S. F. No. 6272. In Bank.—June 26, 1914.]

GOLDEN GATE UNDERTAKING COMPANY (a Corporation), Respondent, v. BEE TAYLOR, Executrix etc. of James D. Taylor, Deceased, Appellant.

ESTATE OF DECEASED PERSON—LIABILITY TO EMPLOYEES OF EXECUTOR— INDIVIDUAL LIABILITY OF PERSONAL REPRESENTATIVE.—Estates of deceased persons are not directly liable to those who have been employed by the executor or administrator to assist him in the performance of his duties of administration. The claim is against the executor or administrator in his individual capacity, who in turn

may, if the expenditure was made in good faith and was proper, be credited therewith in the settlement of his accounts with the estate.

Id.—Liability for Funeral Expenses.—A claim for funeral expenses does not stand upon the same ground as claims for attorneys' fees, brokers' commissions, or other demands arising under contracts made by the executor or administrator, in the sense that a demand therefor cannot form the basis of any action except one against the executor or administrator personally.

Id.—Nature of Claim for Funeral Expenses—Estate Liable for.— A claim for funeral expenses is not a claim on a contract or debt of the decedent, existing before his death, nor is it necessarily a claim on a contract made after death by the personal representative as such. It is a demand of a peculiar nature, arising immediately upon death, but prior to the commencement of administration, and is properly chargeable, in some form of procedure, against the assets of the estate.

Id.—Preferential Claim for Funeral Expenses—Presentation of Creditor's Claim.—Not only is a claim for funeral expenses a debt of the estate, but, under·section 1643 of the Code of Civil Procedure, it is a preferred debt of the first class, and is payable as soon as the executor or administrator has sufficient funds in his hands. It is not a debt arising upon a contract made by the decedent in his lifetime, and a creditor's claim, as defined in section 1493 of the Code of Civil Procedure, as the same existed at the time of the commencement of this action, was not required to be presented as a basis of action.

Id.—Action Lies Against Personal Representative to Establish Claim.—As such a claim is one against the estate and for which the estate as such is liable, an action based thereon, if payment be refused, may be brought against the executor or administrator in his representative capacity to establish the demand and to obtain a judgment therefor payable in due course of administration. The claimant is not confined to the remedy of petitioning the probate court to determine the validity and amount of the demand.

Id.—Pleading—Reasonableness of Demand must be Alleged.—The amount to be charged against the estate for funeral expenses cannot exceed such sum as may, upon a consideration of all the circumstances, including the station of the decedent and the value of his estate, be found to be proper and reasonable. Consequently, in an action against the personal representative to enforce such a demand, the complaint, in order to state a cause of action, must contain proper allegations designed to show that the amount sought to be recovered is a reasonable and proper charge against the estate in view of all the circumstances, so far as they could with reasonable diligence be ascertained at the time of the burial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing to set aside the judgment.    Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Bee Taylor, Executrix, *in pro. per.,* for Appellant.

Ralph L. Hathorn, and Brooks Palmer, for Respondent.

THE COURT.—This is an action brought to recover the value of materials furnished and services rendered in the matter of the burial of James D. Taylor.

It was alleged that at the time of the death of James D. Taylor and for about fourteen days thereafter there were no relatives or heirs at law surviving deceased in the state of California; that shortly before his death James D. Taylor requested Almer F. Veale, his attending physician, to take charge of his body and upon his death to make all funeral arrangements; that said deceased left a will wherein he appointed Almer F. Veale and Bee Taylor as executor and executrix, respectively; that after the death of said James D. Taylor, the plaintiff, at the special instance and request of said Almer F. Veale and at the special instance and request of said Bee Taylor, rendered services and supplied merchandise for and on account of the preparation, care, disposition, funeral, and burial of the body of said deceased, and that the reasonable value of said services and merchandise was and is the sum of one thousand one hundred and ten dollars.

The complaint further states that subsequently, in May, 1903, the said will was admitted to probate and letters testamentary thereon were issued in accordance with the directions of said will, and that said Bee Taylor ever since has been and now is such executrix; that Almer F. Veale was discharged as such executor on or about June 8, 1903, prior to the commencement of this action.    To this complaint defendant interposed a special and general demurrer, which was overruled; whereupon the defendant filed an answer denying all the allegations of the complaint and also filed a cross-complaint in which she sought damages from the plaintiff in the sum of five thousand dollars.    A demurrer to the cross-complaint was sustained.

Nothing further appears to have been done in the case until January 29, 1909, when after due notice the cause was set for trial. By various postponements the trial was continued until May 19, 1909, when, in the absence of the defendant, the court heard the evidence and rendered judgment in favor of the plaintiff in the sum of eight hundred and fifty dollars, together with interest and costs, and directed that the same be paid in due course of administration of said estate. Within six months thereafter the defendant applied to the court to set aside the judgment on the ground of surprise, inadvertence, and excusable neglect. The motion was denied. The defendant appeals from that order and from the judgment.

The only point that need be considered here is the claim that the general demurrer to the complaint should have been sustained.

The principal contention of the defendant is that a claim for funeral expenses is not recoverable by action against the executrix in her representative capacity, but will sustain only an action against the individual who ordered the services. If payment out of the assets of the estate is sought, the sole jurisdiction of the demand rests, it is argued, in the court in which the proceedings for administration of the estate are pending.

It is, of course, the well-settled rule that estates of deceased persons are not directly liable to those who have been employed by the executor or administrator to assist him in the performance of his duties of administration. The claim is "against the executor or administrator in his individual capacity, who in turn may, if the expenditure was made in good faith and was proper, be credited therewith in the settlement of his accounts with the estate." (*Hickman-Coleman Co. v. Leggett,* 10 Cal. App. 29, [100 Pac. 1072]; 2 Woerner on American Law Administration, sec. 356.) The rule has been applied in this state to claims of real estate brokers for services rendered the personal representative (*Maxon v. Jones,* 128 Cal. 77, [60 Pac. 516]; *Estate of Willard,* 139 Cal. 501, [64 L. R. A. 554, 73 Pac. 240]; *Hickman-Coleman Co. v. Leggett,* 10 Cal. App. 29, [100 Pac. 1072]), as well as to claims of attorneys for services rendered the executor or administrator. (*Gurnee v. Maloney,* 38 Cal. 85, [99 Am. Dec. 352]; *Briggs v. Breen,* 123 Cal. 657, [56 Pac. 633, 886]; *Estate of*

*Kasson,* 119 Cal. 489, [51 Pac. 706].) The same principle is applicable to demands of attorneys for services rendered guardians of minors or incompetents. (*Hunt* v. *Maldonado,* 89 Cal. 636, [27 Pac. 56] ; *Morse* v. *Hinckley,* 124 Cal. 154, [56 Pac. 896] ; *McKee* v. *Hunt,* 142 Cal. 526, [77 Pac. 1103].) Prior to the statutory changes of 1905 (Code Civ. Proc., secs. 1616, 1619) giving to attorneys for executors or administrators the right to have their compensation fixed and paid out of the assets of the estate, such attorneys, in common with all others rendering service to the personal representative, could not assert a demand against the estate in the probate proceedings (*Briggs* ·v. *Breen,* 123 Cal. 657, [56 Pac. 633, 886] ), or otherwise, and were limited to their personal action against the executor or administrator who had employed them.

The appellant argues that claims for funeral expenses stand upon the same ground as claims for attorney's fees, brokers' commissions, or other demands arising under contracts made by the executor or administrator, and that, accordingly, a demand for such funeral expenses cannot form the basis of any action except one against the executor or administrator personally. We think this position cannot be upheld. Claims for funeral expenses are not necessarily founded upon contracts made by the personal representative. It is seemly and proper, indeed necessary, that decent burial should be given to the body of a deceased person within a very short period after death. Ordinarily, arrangements for such burial must be made, and the expense incurred, before the appointment of an executor or administrator. An undertaker is justified in furnishing the necessary service upon the request of any one so related to the decedent as to exclude the idea of officious interference. The one ordering the burial may or·may not be the same person who subsequently becomes executor or administrator. If, as in this case, the person alleged to have ordered the funeral does become executor or administrator, the liability, if any, of the estate is not affected one way or the other by such circumstance. The person contracting for the service may be individually liable therefor, but this liability depends upon his individual agreement, and not upon his subsequent representative character.

The claim for funeral services is not, to be sure a claim on a contract or debt of the decedent, existing before his death.

Neither, as we have pointed out, is it a claim on a contract made after death by the personal representative as such. It is a demand of a peculiar nature, arising immediately upon death, but prior to the commencement of administration. It is properly chargeable, in some form of procedure, against the assets of the estate.

The Code of Civil Procedure ranks such charges among debts of the estate. Section 1643 provides that "the debts of the estate . . . must be paid in the following order:

"1.   Funeral expenses;

"2.   The expenses of the last sickness;

"3.   Debts having preference by the laws of the United States;

"4.   Judgments . . . and mortgages and other liens . . .;

"5.   All other demands against the estate. . . ."

Section 1646 declares that the "executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses and the expenses of the last sickness, and the allowance made to the family of the decedent. . . ."

Not only, then, is the charge for funeral expenses a debt of the estate, but it is a preferred debt of the first class, and is payable as soon as the executor or administrator has sufficient funds in his hands. It is not a debt arising upon a contract made by the decedent in his lifetime, and a creditor's claim, as defined in section 1493 of the Code of Civil Procedure, is not, therefore, required to be presented as a basis for action. (*Potter* v. *Lewin*, 123 Cal. 146, [55 Pac. 783].) It is, however, a claim upon a debt of the estate, and thus differs essentially from claims based upon services rendered the executor or administrator, which, as we have seen, do not constitute debts of the estate. If the claim is one against the estate, and for which the estate as such is liable, it is difficult to see why an action cannot be brought against the executor in his representative capacity, to obtain a judgment payable in due course of administration. The general rule is that whenever a recovery would be a direct charge upon the estate of a deceased, the executor or administrator may be sued in his representative capacity. (8 Ency. of Plead. & Prac., p. 678.) "The only way in which an action can be brought against an estate is to sue the administrator or executor in his representative capacity." (*Sterrett* v. *Barker*, 119 Cal. 492, [51 Pac. 695].) If the executor voluntarily pays the demand,

he may, undoubtedly, claim credit for the payment of such amount as the court thinks proper, in the settlement of his accounts. (See *In re Galland*, 92 Cal. 293, [28 Pac. 287].) But if the executor should refuse to pay, the claimant must have some remedy for the enforcement of a demand which is, by the express provision of the statute, made a preferred debt of the estate. To await the settlement of accounts would be destructive of the preference granted by the code. There is no provision expressly authorizing the claimant to go into the probate court by petition for an order compelling the payment of his claim, if it be disputed. The funeral charges are not, strictly speaking, expenses of administration, but are, as we have shown, classed with debts of the estate. By sections 1643 and 1646, the demand is put in the same category as a claim for expenses of the last sickness. Such a claim may, beyond question, be established by an action against the executor or administrator. The judgment is that the amount found due be paid in due course of administration. The question of priority is thus left to be determined in the probate court. (*McLean* v. *Crow,* 88 Cal. 644, [26 Pac. 596].) So, too, with the claim for funeral expenses, which is equally a debt of the estate, and which differs only insofar as the necessity for presenting a claim is concerned. While we do not hold that the validity and amount of the demand may not properly be determined by the probate court upon petition of the claimant, we find no sufficient ground for holding that the demand may not be established in the manner applicable to all other debts of the estate, that is, by an action against the personal representative.

This conclusion is, we believe, in accord with the practice commonly accepted by the profession. *Potter* v. *Lewin,* 123 Cal. 146, [55 Pac. 783], may be cited as an example of the cases in which the procedure of action against the executor or administrator was taken. In that case the procedure was upheld without question of its propriety. And this view seems to be in accord with the weight or authority in other jurisdictions. (8 Am. & Eng. Ency. of Law, 2d ed., pp. 1024–25–26; Schouler on Executors, 3d ed., sec. 398; 2 Woerner on Administration, 2d ed., sec. 357, and cases cited.) Of course, the services may be furnished upon the personal credit of the executor or of someone else, in which event the person

contracting will be individually liable.   This is, however, not such a case.

But the only ground upon which the estate may be charged with the expenses of burial is, as has already been suggested, that the "funeral is a work of necessity, as well as of charity and piety." (Woerner on Administration, 2d ed., sec. 357.) The amount to be charged to the estate cannot exceed such sum as may, upon a consideration of all the circumstances, including the station of the decedent and the value of his estate, be found to be proper and reasonable. (Woerner on Administration, 2d ed., secs. 359, 360.)    These considerations would govern the probate court in passing upon a charge made by the executor or administrator for funeral expenses incurred by him.   The court would not be controlled by the amount actually expended, even though such amount would afford only a proper compensation to the undertaker for the services rendered, but would inquire into the circumstances and conditions in order to ascertain whether such amount was reasonable and proper to be charged against the particular estate.   The same considerations must apply where the person furnishing the services is suing the executor in an action like the present one.   It follows that, in order to state a cause of action in such a case, the complaint must contain proper allegations designed to show that the amount sought to be recovered is a reasonable and proper charge against the estate in view of all the circumstances, so far as they could with reasonable diligence be ascertained at the time of the burial.   (Woerner on Administration, 2d ed., sec. 359.)    The complaint before us contains no such allegations.   All that is alleged is that the plaintiff rendered services and supplied materials for the funeral and burial of the body and "that the reasonable value of such services and merchandise was and is the sum of $1110."   This means no more than it says,— namely, that the services and merchandise furnished were worth the amount named.   It may well be that they were fairly worth one thousand one hundred dollars, but that at the same time a charge of one thousand one hundred dollars would be greatly excessive for the estate upon which the burden of this payment is sought to be imposed.   The plaintiff is not seeking to recover upon a contract made by the decedent, but is endeavoring to charge against the estate the amount of an expenditure incurred on behalf of the estate.   The complaint

shows that some expenditure was necessary and proper. It does not show what amount was necessary or proper and for that reason justly chargeable against the estate.

For these reasons we think the demurrer should have been sustained, with leave to plaintiff to amend its complaint. This conclusion makes it unnecessary to consider any other points made.

The judgment and the order appealed from are reversed.

Beatty, C. J., does not participate in the foregoing.

ANGELLOTTI, J., concurring.—I concur in the judgment, but not for the reasons stated in the foregoing opinion. I adhere to the views expressed in my dissenting opinion filed on the former decision of this case when the judgment and order appealed from were affirmed. That opinion was as follows:

"I am unable to concur in the conclusion that a claim for funeral expenses of a deceased person is recoverable by action against his executor or administrator in his representative capacity. In so far as payment of such a claim is sought from the estate, including the determination of the amount to be paid by the estate, it is my opinion that the probate court having jurisdiction of the estate has sole and exclusive jurisdiction, and that the matter is to be determined in the estate proceedings, where all persons interested in the estate may be heard and the amount that the estate shall pay fixed with a view to the circumstances and condition of the estate. This question does not appear to have been suggested in *Potter* v. *Lewin*, 123 Cal. 146, [55 Pac. 783]. I see no difficulty in holding that under our law one having a claim for funeral expenses may present his claim to the court in probate for determination. Although not a creditor of decedent who is obliged to present his claim for allowance to the executor or administrator and the judge, he is by virtue of our statutory provisions in that behalf, a creditor of the estate, entitled to appear in the probate proceeding and there obtain an adjudication as to his claim and an order for the payment of so much thereof as may be found to be a proper charge against the estate. I think that under our statutory provisions this is his sole remedy where he seeks to be paid from

the funds of the estate and there is any controversy as to his claim.''

I therefore agree with the other members of the court in the conclusion that the demurrer to the complaint should have been sustained.