[Civ. No. 6088.   Second Appellate District, Division One.—December 9, 1930.]

A. P. HENDERSON, Respondent, v. EMMA RIGGLES, Appellant.

Chambers & Lyman for Appellant.

Kelby & Lawson and Clyde C. Triplett for Respondent.

CONREY, P. J.—The defendant, while acting as the duly appointed administratrix of a decedent's estate, entered into a written contract with the plaintiff employing the plaintiff as accountant, adviser and financial agent to assist her in the business affairs of said estate; said employment to continue up to the entry of final decree of distribution of the estate at a salary of $100 per month. The action was brought against the defendant individually to recover the unpaid portion of plaintiff's compensation under said agreement, which had accrued prior to final distribution of the estate.

The action was brought in the municipal court of the city of Los Angeles, where judgment was entered in favor of the defendant. On appeal to the superior court the judgment was reversed. The present appeal is by the defendant from the judgment of the superior court.

The appeal to the superior court was presented on the judgment-roll. The findings of fact made by the municipal court were in substance as follows: That said contract was entered into by the defendant by reason of fear of litigation and by the advice of her then counsel; that the defendant has paid to the plaintiff a certain sum (which sum is less than the amount accrued under the terms of the contract) and that the said sum so paid fully compensated the plaintiff for all the services rendered by him by reason of said contract; that no services were performed by the plaintiff under said contract subsequent to the month of April, 1926; that prior to April, 1926, said estate had been reduced to cash and the formal closing of the estate alone remained

to be done and there were no services required under said agreement; that plaintiff was ready and willing at all times to perform all things to be done by him under said contract. Nevertheless, the municipal court held that the defendant was not indebted to the plaintiff in any sum whatever and accordingly entered judgment in favor of the defendant.

The contract, although signed "Emma Riggles, Administratrix of the estate of Henrietta Adams, deceased", was her personal contract. While the administratrix was not authorized to bind the estate upon such a contract without first obtaining consent of the court in which the administration was pending, she did have the right personally to employ the plaintiff to perform services for her having relation to the conservation of the estate and the performance of labor necessary for the benefit of. the estate. (*England* v. *Winslow*, 196 Cal. 260, 265, 266 [237 Pac. 542]; 11 Cal. Jur., p. 1048.)

On the face of the findings of fact the plaintiff was entitled to recover the compensation due him under the terms of the agreement. The mere fact that the contract was entered into by the defendant "by reason of fear of litigation and by the advice of her then counsel" does not affect the validity of the contract. Under the plain terms of the contract the salary agreed upon had accrued prior to the commencement of the action. The facts as found did not support the conclusions of law or the judgment of the municipal court. The superior court was right in reversing that judgment.

The judgment of the superior court is affirmed.

Houser, J., and York, J., concurred.