[Civ. No. 12951.   Second Dist., Div. Two.—April 23, 1941.]

OSCAR MOSS et al., Appellants, v. ROSE ELIZABETH BOYLE et al., Respondents.

John N. Hurtt for Appellants.

Walter Gould Lincoln for Respondents.

MOORE, P. J.—This is an appeal upon the judgment roll. The court below dismissed the action as to defendants in their individual capacities but awarded plaintiffs the sum of $862 against defendants in their capacity as executors of the estate of Allen R. Ratterree, deceased.

The complaint set forth three causes of action, the first of which was a common count on *quantum meruit* in the sum of $3,500. The trial proceeded upon the first count "and the denials thereof" and upon a plea of payment.

From the findings, it appears that plaintiffs are co-partners doing business as accountants, and that one of them is a practicing attorney at law; that defendants were duly qualified and acting executors of the Ratterree estate; that pursuant to the request of defendants, plaintiffs rendered services in connection with the accounting and tax problems arising in relation to the administration of such estate; that the reasonable value of services rendered was $862.50, no part of which was ever paid.

On motion of defendants, the court dismissed the action against the defendants in their individual capacities and entered judgment against them in their representative capacities.

The question for our determination is whether the judgment is supported by the findings.

■■ Where an appeal is taken upon the judgment roll alone, the findings are conclusively presumed to be supported by the evidence and they must be liberally construed so as to sustain, if possible, rather than defeat the judgment appealed from. Any ambiguity or inconsistency in the findings must be resolved in favor of the judgment. (*Keim* v. *Roether*, 32 Cal. App. (2d) 70, 73 [89 Pac. (2d) 187].) "The judg-

ment will not be reversed except for some fatal error appearing on the face of the judgment roll''. (*Ibid.*) ▉ An executor or administrator ''cannot by virtue of his general powers as such make any contract which binds the estate, or create any debt or liability against the deceased, or the estate, which will authorize a judgment *de bonis decedentis,* even though it is made in the interest of and for the benefit of the estate he represents, and although he is described in such contract as personal representative''. (*First Nat. T. & S. Bank* v. *Industrial Acc. Com.,* 213 Cal. 322, 325 [2 Pac. (2d) 347, 78 A. L. R. 1324].) ▉ As a necessary corollary to the principle embodied in the quoted passage, an executor is personally liable on contracts whereby he employs an accountant to render a service relating to the administration of the estate, such as for services required of a personal representative in the performance of his official duties. (*Henderson* v. *Riggles,* 110 Cal. App. 320 [294 Pac. 31] ; *Southern Pac. Co.* v. *Swanson,* 73 Cal. App. 229 [238 Pac. 736].)

▉ Notwithstanding the law that the executor is personally liable upon his contracts for services to be rendered in the administration of the estate, it goes without saying that if it is a necessary expenditure he is entitled to be reimbursed out of the assets of the estate. (*Sterrett* v. *Barker,* 119 Cal. 492 [51 Pac. 695] ; *Golden Gate Undertaking Co.* v. *Taylor,* 168 Cal. 94 [141 Pac. 922, Ann. Cas. 1915D, 742, 52 L. R. A. (N. S.) 1152].) However, as a general proposition the only obligations which an executor or administrator may create against an estate are those which are authorized by the will of decedent or by statute. (11B Cal. Jur. 280, sec. 868.) While the executor may avoid personal liability by special agreement with the creditor for the latter to expect payment only from the estate (*Maxon* v. *Jones,* 128 Cal. 77 [60 Pac. 516] ; *Estate of Kasson,* 119 Cal. 489 [51 Pac. 706]) yet in the absence of such special agreement the personal representative is personally liable only. It follows that if the judgment appealed from is to be sustained, there must be findings to the effect that defendants were authorized by will or by statute to employ accountants to do the work which was done by plaintiffs or that by the contract of employment defendants were not to be personally liable. No such findings are contained in the judgment roll.

While it is true that from facts found inferences may be drawn in support of the judgment, yet such inferences must be deemed to have been made by the trial court. (*Goldberg* v. *List*, 11 Cal. (2d) 389 [79 Pac. (2d) 1087].) The judgment of dismissal cannot be justified by applying such rule to the findings before us. These findings are sufficient to support a judgment in favor of plaintiffs and against defendants as individuals. They are insufficient to support a judgment against defendants as executors of the estate of Allen H. Ratterree. In order to sustain the judgment we would be required to infer ultimate facts which were in direct contradiction to the facts found. Such is beyond the province of this court.

The judgment is reversed with directions to the trial court to enter judgment in favor of plaintiffs against defendants and to dismiss the action as against defendants in their representative capacities.

Wood, J., and McComb, J., concurred.